JOHN HAYS, et al., Administrators, etc., *v.* CALVIN MILLER, Appellant.

In an action for negligence, where the circumstances are such that men of ordinary prudence and discretion might differ as to the character of the act complained of, the question of negligence is one of fact.

Where a referee in an action for negligence, instead of passing upon the question directly as one of fact, makes special findings of the circumstances, and from these finds negligence as a conclusion of law, it is not the duty of this court to decide as matter of law, whether or not the facts found establish negligence. In such case a finding of negligence as a fact, is essential to the conclusion reached by the referee, and will be assumed in support of the judgment, provided there is any evidence upon which it could have been predicated.

Defendant, in an unusually dry summer season, set fire to various log heaps upon his fallow, adjoining the woodland of H., plaintiff's intestate. The fallow was covered with old logs, stumps and other combustible material, extending to the line of H.; defendant's ground was also covered with muck, which, at that season, was itself combustible. The day before the fire was set, there had been a heavy shower, and, at the time, it looked like rain; it came off dry and hot, and a wind springing up, in spite of all due exertions on the part of defendant and his employees, the fire extended to plaintiff's lands. In an action to recover the damages, *held*, that the evidence was sufficient to sustain a finding of negligence.

(Argued May 21, 1877; decided June 12, 1877.)

APPEAL from judgment of the General Term of the Supreme Court, in the third judicial department, affirming a judgment in favor of plaintiffs, entered upon the report of a referee. (Reported below, 6 Hun, 320.)

This action was brought to recover damages for injuries by fire to the lands of Patrick Hays, plaintiffs' intestate, alleged to have been caused by the negligence of defendant. The facts as found by the referee in his report, were substantially as follows:

Defendant and Hays owned adjoining lands in the town of Stockholm, St. Lawrence county. Defendant's land was burned over about the year 1863, leaving some logs and "chunks" of logs on the ground, which had been

piled up in heaps previously to the time of setting the fire complained of. Some old chunk heaps were within a few rods of Hays' land, and the ground was partially covered with dry grass and grass stubble, old chunks and logs, and stumps, and brush (partly scattered and some picked up), extended, with intervening spots of grass and willow bushes, nearly to Hays' line. The grass had been mowed up to within some five or six rods of the line, and from the stubble of the mowed grass to the line were some scattering old logs, stumps and chunks, with unmown grass among the willows. On Hays' side of the line the land was mostly timbered. Portions of an old log fence remained upon the line, and some tree tops, from trees cut on Hays' land, were near the line, on Hays' side of it. Five log or chunk piles were on defendant's land, from 22 to 25 rods from the line. The land where those heaps were, and for a considerable distance on both sides of the line aforesaid, and the timbered land aforesaid, was low, swampy land, having a muck surface from one inch to two and a half feet in depth, which was combustible in dry weather.

On the 13th day of August, 1870, defendant set fire to the five heaps above specified, for the purpose of burning them and clearing his land. The season had been excessively dry, and the muck and other combustible material had become, and up to the day previous to the setting of the fire had been, extremely dry. On the 12th day of August, rain fell during the forenoon quite hard from one hour and a half to two hours—so much that in the neighborhood water stood in gutters and ditches and in puddles in the road. The rain did not continue in the afternoon of the 12th, but during the morning of the 13th it threatened more rain, and was misty and sprinkled, and there was then no wind of any consequence. The rain was, however, insufficient to prevent fire from burning in the ground, or, after a short period of drying, to prevent it running upon its surface. On the 14th, the weather became hot and dry, and the fire burned in the muck and other combustibles, the wind rising toward even-

ing. On the 15th, the wind increased and blew very hard, and carried the fire, set as aforesaid, across the intervening land, from point to point, and on to said Hayes' land, causing the injury complained of. On the 13th, the defendant worked at the fire, putting up the heaps and clearing his land, and after the wind began to blow and the fire commenced to run, did all in his power to prevent the fire from getting into Hays' land.

Upon the settlement of the case, the referee found the following additional facts :

That the adjoining lands of the parties were low, wet, swamp lands, upon which, in ordinary seasons, the water stood until late in the summer season. That the only practicable way of clearing defendant's land from the logs, chunks, bushes, stumps and heaps, composed of such material, which were upon such land, was by the use of fire to consume the same thereon, and that this was the manner of clearing such land practiced in the vicinity. That defendant set said fire at the time and place aforesaid in good faith for the purpose of clearing said land, and without any intent to injure said Hays or his land, or any other person or property, and that at the time it was quite dark and misty and the defendant had reason to believe it would rain. That before setting said fire said defendant dug down into the muck near said heaps so fired, and upon compressing the muck in his hand, squeezed water from the same. That in attempting to set fire to the heaps in question August 13th, 1870, with matches, defendant tried to find something dry on and about the heaps to use in setting the same on fire, and did not succeed in so doing, and only set such fire by using shavings whittled from a piece of rail obtained for that purpose; to which respondent duly excepted.

As matter of law the referee found: That the defendant in setting the fire complained of, and in continuing the same, and in suffering the same to burn and spread at the time and place, and under the circumstances and as set forth, was guilty of negligence and was liable to pay the damages sustained thereby.

*Tappan and Erwin*, for the appellant. The burden of proving negligence was on the plaintiff. (*Clark* v. *Foot*, 8 J. R., 421; *Stuart* v. *Hawley*, 22 Barb., 619; Wharton's Law of Neg., §§ 421, 867; *Losser* v. *Buchannan*, 51 N. Y., 476; *Calkins* v. *Barger*, 44 Barb., 424; *Tourtellot* v. *Rosebrook*, 11 Metc., 460; *Heinemann* v. *Heard*, 62 N. Y., 475; *Lamb* v. *C. & A. R. R. Co.*, 46 id., 271; *Harvey* v. *Dunlap*, L. & H. Sup., 193; *Parrott* v. *W. F. & Co.*, 15 Wal., 524, 539; *Lansing* v. *Stone*, 37 Barb.; 15, 20.) The question of neg¹'gence is one of law and fact, to be decided as a question o⸺ ʌaw when the facts are undisputed or conclusively proved. (Wharton's Law of Neg., § 420; *Foot* v. *Wiswell*, 14 J. R., 304; *Sexton* v. *Zett*, 44 N. Y., 430; *Bd. Co. Comrs.* v. *Clark*, 15 Alb. L. J., 204; *Im. Co.* v. *Munson*, 14 Wal., 448; *Pleasants* v. *Fant*, 22 id., 120; *Mer. Bk.* v. *State Bk.*, 10 id., 637; *Hickman* v. *Jones*, 9 id., 201; *Parks* v. *Ross*, 11 How. U. S., 373; *Hotchkiss* v. *Mosher*, 48 N. Y., 483; *Comstock* v. *Ames*, 3 Keyes, 357, 360; *Myer* v. *Amidon*, 45 N. Y., 169; *Dougan* v. *Champ. Tr. Co.*, 6 N. Y. Sup. Ct., 400, ; 56 N. Y., 1; *Munson* v. *Erie R. Co.*, id. 302; *Reynolds* v. *N. Y. C. & H. R. R. R. Co.*, 58 id., 248; *Phillips* v. *R. & S. R. R. Co.*, 49 id., 177, 182; 57 Barb., 642; *Sexton* v. *Zett*, 44 N. Y., 430; *Morgan* v. *Crocker*, 62 id., 626.) Defendant was not guilty of negligence in setting his fallow on fire. (*Clark* v. *Foot*, 8 J. R., 421; *Stuart* v. *Hawley*, 22 Barb., 619; *Calkins* v. *Barger*, 44 id., 424; *Webb* v. *R., W. & O. R. R. Co.*, 49 id., 420; *Barnard* v. *Poor*, 21 Pick., 378; *Batchelder* v. *Heagan*, 18 Me., 32.)

*Samuel Hand* and *Luther E. Wadleigh*, for the respondents. Defendant was guilty of negligence, for which he was liable in starting the fire. (*Webb* v. *R., Œ. & O. R. R. Co.*, 49 N. Y., 420.)

RAPALLO, J. The question in this case was, whether, in the burning of his fallow, the defendant was guilty of negligence which rendered him liable for the damage done by the

spreading of the fire which he set, to the adjoining timber land of the plaintiff's testator. The referee, instead of passing upon this question directly as one of fact, made special findings of the circumstances attending the burning, and from these circumstances found as a conclusion of law that the defendant was guilty of negligence, and it is now claimed, upon the part of the appellant, that it is the duty of this court to review the conclusions of the referee, and decide as matter of law whether the facts and circumstances found by him establish that the burning was conducted in an improper or negligent manner, or at an improper time or season, or whether they show that the burning was prudently and skillfully commenced and conducted, and the signs of the weather were propitious, so that, as a prudent and skillful husbandman, the defendant was justified in selecting the occasion which he did for the burning, and in the manner in which he conducted it.

To decide this question would require a knowledge of the business of farming and burning fallows, which may be possessed by those experienced in such matters, but can hardly be expected of others. The referee, in determining that the defendant was guilty of negligence, must necessarily have been of the opinion that, under the circumstances detailed by him in his report, and in the additional findings inserted on the settlement of the case, the defendant, in setting fire to the rubbish on the lot which he desired to clear, did not use that care which, as a prudent man, skilled in the business which he undertook, he should have exercised to avoid injury to his neighbor. That finding was essential to the conclusion reached by the referee, and, if not expressly stated in the case, must, in support of the judgment, be intended to have been made, provided there is any evidence upon which it could have been predicated. (*Grant* v. *Morse*, 22 N. Y., 323; *Caswell* v. *Davis*, 58 id., 223.) Negligence is usually a question of fact, and especially so whenever men of ordinary prudence and discretion might differ as to the character of the act under the circumstances of the case. (*Thurber* v.

*Harlem, B., M. & F. R. R. Co.*, 60 N. Y., 331, per ALLEN, J.) . Some acts, which the experience of mankind and ordinary common sense show to be dangerous, will be recognized by the courts as constituting negligence, such as jumping on or off a railroad car in rapid motion, crossing a railroad track without looking whether a train is approaching, and other acts of equally obvious imprudence. So, the courts will sometimes determine that a case discloses no negligence, but such cases must be very clear. Where, as said by ALLEN, J., in the case before cited from 60 N. Y., 331, the circumstances are such that men of ordinary prudence and discretion might differ as to the character of the act under the circumstances of the case, the question is one of fact, and an appellate court should not be called upon to review the finding of a jury or referee.

In the present case, the special facts found by the referee, and the evidence in the case, disclose circumstances which prevent us from holding, as matter of law, that the defendant was absolutely free from the imputation of negligence, and such a holding is necessary to authorize the reversal of the judgment. If from the facts found, or from the evidence, the referee might justly have inferred negligence, his conclusion must be sustained. The main facts found and proved are, that the lot which the defendant was endeavoring to clear by burning, was covered with combustible material of quite a substantial sort, consisting of logs and chunks of logs, piled up in heaps, some of them in proximity to the land of the plaintiff's intestate, and similar combustible material extending nearly to his line. The season had been unusually dry; the fire was set in the month of August. The ground was covered with muck, which, at that season, was itself combustible, and the result showed that after the fire was set and a wind arose, the defendant was unable, though he used all due exertions, to prevent the fire extending to the plaintiff's lands; it even spread through the muck surface. His excuse was, that the day before the fire there had been a shower, which lasted one or two hours, and that there were

appearances of more rain. Whether this was enough to justify him in setting fire to the stuff on his land, considering the dryness of the season, the nature of the combustible material, its proximity to the land of the plaintiff's intestate, and the other circumstances of the case, were all questions to be determined by persons experienced in such business, and can hardly be disposed of as questions of law. The referee was evidently of opinion that the act of the defendant was negligent and imprudent, and the General Term have approved his finding. The elaborate opinion there delivered by BOCKES, J. (*Hays' Adm'r,* v. *Miller,* 6 Hun, 320), in which the facts are fully stated, deters me from going more minutely into the case. I concur in his judgment that the question was, under the findings and evidence, one of fact, and that in support of his conclusion the referee must be, intended to have found that the defendant did not act with due care and prudence. The special findings are not, in our judgment, sufficient to negative this conclusion of the referee, and justify us in holding, as matter of law, that his judgment was erroneous. If the question were before us as matter of fact, we might come to a conclusion different from that reached by the referee; but it is only where the judgment is reversed by the court below on questions of fact, that we are authorized to review the case upon the facts.

The judgment must be affirmed.

All concur, except MILLER and EARL, JJ., dissenting; CHURCH, Ch. J., not sitting.

Judgment affirmed.