JAMES FERGUSON, Appellant, v. FREDERICK B. HUB-
BELL, Respondent.

*Leasing of lands — when the lessor is not responsible for the acts of the lessee — Opinions of witnesses — when they are admissible.*

Upon the trial of this action, brought to recover the damages occasioned by the negligent setting of a fire upon lands of the defendant, it appeared that the latter had leased the lands to one Hammond for five years, to be worked on shares; the defendant to furnish half the seed and Hammond the other half, and each to have half the produce. Hammond was to clear as much of the land as he chose to, at certain specified prices. Hammond notified the defendant of his intention to burn a portion of the fallow land, and was told by him that if it was dry not to burn it so that there was any danger.

*Held*, that the court properly charged the jury, that the defendant was not liable for the damages caused by the setting of the fire by Hammond.

Upon the trial witnesses were allowed to testify, in respect to another fire set by the defendant himself upon other land belonging to him, that it was set at a proper time.

*Held*, that the opinion of a witness having experience in such matters was competent.

APPEAL from a judgment in favor of the defendant, entered upon the verdict of a jury.

This action was brought to recover the damages alleged to have been sustained by the destruction of the Prospect Mountain House on May 17, 1880. The defendant was the owner of lands in the vicinity of that upon which the house stood, a portion of them being in his possession, and a portion in that of one Hammond, to whom they had been leased to work on shares. A fire had been set by Hammond on May thirteenth, on the portion of the land in his possession, which was still smouldering on the seventeenth, when the defendant started a fire on the other portion of his land. From one of these fires the plaintiff's house was destroyed.

The court charged that the defendant was not liable for any damages caused by the Hammond fire, and the jury rendered a verdict in his favor.

*A. J. Cheritree*, for the appellant.

*Brown & Sheldon*, for the respondent.

LEARNED, P. J.:

The first question in this case is whether negligence on the part of Charles Hammond in setting the fire, or in the management thereof, could render the lefendant liable. The land belonged to defendant. He had employed Hammond to clear the fallow in 1877. Hammond had hired the land for five years to work. Defendant was to find half the seed and Hammond half, and each was to have half the produce. Hammond was to clear as much land as he had a mind to at ten dollars an acre, ready for the drag; one dollar a hundred for rails cut and laid up, and one dollar per cord for wood cut and piled on the road. It was under this arrangement that Hammond was occupying the place when he set the fire now under consideration.

Hammond notified the defendant of his intention to burn. The defendant told him, if it was dry, not to burn so that there was any danger.

Thus it appears that the only arrangement between the defendant and Hammond was that the latter might clear up the defendant's land. There was no special arrangement how or when this should be done. The defendant did not employ Hammond to burn the land, but permitted him to clear it up. This was lawful, and if, in doing this act, Hammond was negligent, the defendant is not liable as employer. (*King* v. *N. Y. C. and H. R. R. R. Co.*, 66 N. Y., 181.) The case is stronger for the defendant than that of *Town of Pierrepont* v. *Loveless* (72 N. Y., 211) For in that case the persons whose negligence caused the injury, were employed to do a specific act. The plaintiff urges that the defendant is liable under 1 Revised Statutes (696, § 1). But the liability is imposed on one who negligently sets fire to his own woods, or negligently suffers a fire to extend. And if Hammond was not the defendant's servant, then the defendant did not set the fire or suffer it to extend.

The plaintiff again insists that it was a question for the jury whether Hammond was the defendant's servant. But there was no dispute as to the facts. Both of them stated the arrangement between them. There is no evidence that the defendant interfered, or took any part, or gave any directions, except it were to caution Hammond, if it were too dry, not to burn so that there was any danger. This was advice which anyone might give.

The plaintiff again insists that the court erred in permitting the

defendant and others to testify, in respect to the other fire, that it was set by the defendant at a proper time. This presents the point whether this was a matter on which persons of experience might be permitted to express an opinion. Of course it is not easy to lay down a rule which shall distinctly limit those cases in which opinion may be expressed on a trial and those in which it may not. Where the facts can be so clearly stated and are of such a nature that the jury can judge on the matter, it is plain that the opinions of witnesses are not necessary or proper. But opinions are permitted in the case of experts, from their supposed special knowledge. And the opinion in this case is of the same nature. Whether it was proper to set the fire at a particular time would depend on the degree of dryness, on the force of the wind and its direction, and on many other circumstances, which are hardly capable of such accurate description, that the witness could give a jury a perfect idea of the facts. (*Hays* v. *Miller*, 70 N. Y., 118; *Brink* v. *Hanover Fire Ins. Co.*, 80 N. Y., 115.) Of course such testimony may be greatly shaken by a cross-examination which will show the facts on which the opinion was formed. Still the matter depends so much on the judgment of persons who have had actual experience, that we think the evidence was admissible. For, if the evidence were strictly limited to the condition of the ground, of the wind, etc., (even supposing that they could be accurately described), yet then a juror, not experienced in such things, could not well determine whether the time was proper for the burning. It would be necessary further to prove what kind of time and circumstances were proper. A man who had never cleared up land, or worked a farm, might be unable to determine whether the time was proper for burning, even after he had been informed of all the facts. No question is made as to the correctness of the charge of the learned justice. Indeed the charge is not contained in the case as settled. We have no occasion therefore to consider whether or not the defendant is under any other liability in respect to a fire, set by himself, than that liability which is laid down in *Stuart* v. *Hawley* (22 Barb., 619).

The judgment is affirmed, with costs.

Present — LEARNED, P. J., RUMSEY and OSBORN, JJ.

Judgment affirmed, with costs.