FRANK JOHNSON, Respondent, *v.* NETHERLANDS AMERICAN STEAM NAVIGATION COMPANY, Appellant.

Plaintiff was a gangwayman in the employ of one L., a stevedore, engaged in unloading a vessel belonging to defendant. Under his agreement with defendant, L. was to be paid a stipulated price per ton for unloading, defendant to furnish the steam power and a man to run the winch. Plaintiff gave the signals to the winchman. Plaintiff, to hoist a load, gave the signal to go ahead, which was done by the rope winding around the drum of the winch. In hoisting the load in question the rope ran off the drum. The winchman stopped and called plaintiff's attention to this. The latter supported the hoist by means of a hook and then seized the rope to lift it on to the drum, ordering the winchman to back so as to loosen the rope. Instead of doing so the winchman went ahead and plaintiff's hand was drawn against the drum and he was injured. In an action to recover damages, it did not appear that L. had power to order or control the winchman, further than to signal to him through the gangwayman. *Held,* that the winchman could not be regarded as the servant of L.; that the fact that he received orders when to hoist or lower from plaintiff did not change his relations to defendant as its servant, and that as his negligence caused the injury defendant was liable.

(Argued February 9, 1892; decided March 22, 1892.)

APPEAL from judgment of the General Term of the Supreme Court in the second judicial department, entered upon an order made July 21, 1890, which affirmed a judgment in favor of plaintiff, entered upon a verdict and also affirmed an order denying a motion for a new trial.

The following is the opinion in full :

" This action was brought to recover damages for a personal injury.  Upon the trial there was some conflict in the testimony, but as settled by the verdict the facts are as follows: The plaintiff was the gangwayman in the employ of one Lithman, a stevedore, engaged in unloading the defendant's steamship P. Calland.  Under the agreement the stevedore was to be paid a stipulated price per ton for unloading the vessel, the defendant to furnish the steam power and a man to run the winch.  The winchman furnished by the defendant was a sailor.  The plaintiff, as gangwayman, gave the signal to the winchman to go ahead or back up as the persons engaged in unloading the vessel might require.  The men in the hold of the vessel had loaded nine bags of coffee, and the plaintiff had given the signal to the winchman to go ahead.  This was accomplished by the rope winding around the drum of the winch.  The hoist had proceeded until the cargo had nearly reached the combing of the vessel, when the rope ran off from the drum of the winch onto the axle.  The winchman then stopped and called the attention of the plaintiff to the fact that the rope was foul upon the axle of the winch.  The plaintiff then supported the hoist by means of a burton hook, after which he took hold of the rope to lift it from the axle onto the drum, but in order to do this had to have the winch turned back so as to loosen the rope.  He, therefore, gave direction to the winchman to ' come back,' but instead of turning back the winchman went ahead, drawing the hand of the plaintiff against the drum, cutting off some of his fingers.

" It is claimed that Lithman was an independent contractor having ·charge of all of the men engaged in unloading the vessel, and that the defendant is not liable for the negligent act of servants working under his direction.  The question is as to whether the winchman was the servant of Lithman, and consequently the co-servant of the plaintiff.  Lithman testified that he was paid by the ton ; that the vessel furnished the steam power and a winch driver.  This is the evidence as to the contract with the defendant.  It does not appear that he had the power to order, direct, discharge or control the winch

driver farther than to signal to him by way of the gangway-man when to hoist or lower, go ahead or come back. It consequently does not appear to us that the winchman could be regarded as the servant of Lithman. It is quite apparent that it was the intention of the defendant to retain charge of the steam power and winch and operate it through its own servants and employes. And the fact that the winchman received orders from the plaintiff when to hoist and when to lower, under the circumstances of this case, does not operate to change his relations to the defendant as its servant. (*Sullivan* v. *Tioga Railroad Company*, 112 N. Y. 643, 647; *Sanford* v. *Standard Oil Co.*, 118 id. 571; *Kilroy* v. *D. & H. C. Co.*, 121 id. 22; *Butler* v. *Townsend*, 126 id. 105.)

" The judgment should be affirmed, with costs."

*Joseph A. Shoudy* for appellant.

*Charles J. Patterson* for respondent.

HAIGHT, J., reads for affirmance.

All concur, except FOLLETT, Ch. J., PARKER and LANDON, JJ., dissenting.

Judgment affirmed.