(59 App. Div. 224.)

MONAHAN v. EIDLITZ et al.

(Supreme Court, Appellate Division, Second Department. March 15, 1901.)

1. NEGLIGENCE—MASTER AND SERVANT—EVIDENCE—INSTRUCTION TO JURY.

Defendants were erecting a building. Plaintiff's intestate was working for subcontractors on the building. The whole work was under the direction of defendants' foreman. An employé of defendants was directed to carry a mortar tub up a ladder to a scaffold above where deceased was

at work, and was charged to be very careful. The foot of the ladder was not secured, and the top rested against a swinging scaffold. As the man reached the top, the tub struck an iron girder, the bottom of the ladder slipped, and the tub fell upon plaintiff's intestate. *Held*, that the jury might fairly find that the accident was caused by the negligence of defendants' servant, and the court erred in directing a verdict for defendants, since there was no question of fellow servant or of contributory negligence.

2. SAME—PROXIMATE CAUSE—INVOLUNTARY ACT.

Where defendants' servant was carrying a tub of mortar up a ladder, and collided with an iron girder, causing the ladder to slip, and the tub fell on, and killed plaintiff's intestate, it was immaterial whether the tub was thrown from his shoulder by the force of the blow, or he involuntarily dropped it under the influence of pressing danger, since in either event the proximate cause of the accident was his so ascending the ladder and permitting the tub to collide with the girder.

Woodward, J., dissenting.

Appeal from trial term, Kings county.

Action by Annie Monahan, as administratrix of the estate of James Monahan, deceased, against Otto M. Eidlitz and another. From a judgment for defendants, plaintiff appeals. Reversed.

Argued before GOODRICH, P. J., and WOODWARD, HIRSCHBERG, JENKS, and SEWELL, JJ.

Gilbert D. Lamb, for appellant.

Frank V. Johnson, for respondents.

SEWELL, J. This action was brought to recover damages for the death of plaintiff's intestate, which it is alleged was caused by the negligence of the defendants. The deceased was a laborer, and for several years prior to the 14th day of December, 1899, when the accident occurred, had been in the employ of Mulry & Son, and on that day was keeping the time of their workmen in the basement of a building in the process of erection on the west side of Washington street in the borough of Manhattan. The defendants were the builders, and Mulry & Son were employed by them. The whole work was under the general supervision of one Shafter, the foreman of the defendants, who gave directions to Connolly, the foreman of Mulry & Son, who then instructed their employés. Mitchell, the individual charged with the act or acts which caused the death of plaintiff's intestate, was in the employ of the defendants, and on the day in question was directed to carry a mortar or cement tub up a ladder to a scaffold above where the plaintiff's intestate was at work. The tub weighed from 50 to 60 pounds, and Mitchell was charged by a fellow workman, while on his way to the ladder, to be "very careful." The foot of the ladder was not secured, and the top rested against a swinging scaffold or platform. As Mitchell reached the top, carrying the tub upon his right shoulder, it came in contact with an iron girder or projecting brickwork, and, coincident with the collision, the bottom of the ladder slipped several feet, and the tub fell upon and killed plaintiff's intestate.

At the close of plaintiff's evidence the defendants moved to dismiss the complaint on the ground that no negligence had been shown on the part of the defendants, and the court granted the motion. There

is no question upon the evidence in this case respecting the negligence of fellow servants, as the deceased and the person who caused the accident were servants of different masters, and consequently not co-servants. Johnson v. Navigation Co., 132 N. Y. 576, 30 N. E. 505; Butler v. Townsend, 126 N. Y. 105, 26 N. E. 1017; Sanford v. Oil Co., 118 N. Y. 571, 24 N. E. 313. Neither is there any question respecting the absence of contributory negligence, as it appears by the evidence that the decedent was where he had a right to be, and had no reason to expect that the tub would fall upon his head. The only question, therefore, presented by this appeal is whether the jury would have been justified in finding that the defendants' servant was negligent. The burden was upon the plaintiff to make it appear so; and if, from the evidence, men of ordinary prudence and discretion might differ as to the character of his acts, or if the inference to be drawn from, or the significance to be attached to, the testimony is doubtful, the question is one of fact for the jury. Hays v. Miller, 70 N. Y. 112; Nolan v. Railroad Co., 87 N. Y. 63. About the facts there was neither dispute nor contention, and the inquiry, therefore, is whether, measuring them by this rule, a question was raised which ought to have been submitted to the jury. We think the evidence on the part of the plaintiff and the inferences fairly deducible from it permitted the conclusion that the accident was caused by the negligence of the defendants' servant in ascending, with a heavy burden, a ladder placed and supported as this one appears to have been, and in permitting the tub to collide with the girder or projecting brickwork with so much force as to cause the ladder to slip, or to knock the tub from his shoulder. It matters not whether the collision with the girder or other obstacle forced the tub from Mitchell's shoulder, or whether he dropped it involuntarily under the influence of pressing danger, as claimed by the respondents; for, in either event, the jury might very reasonably have concluded that the fall was the proximate consequence of Mitchell's failure to exercise proper care in ascending the ladder, or to avoid contact with the girder above him, or of both of said causes. If the intervening agency of another, acting under his best judgment, will not relieve a defendant charged with the original act of negligence (Lowery v. Railway Co., 99 N. Y. 158, 1 N. E. 608), much less would an involuntary act of the defendants' servant relieve them from the consequence of an injury caused by his negligence. In all cases where the defendant has been held exempt it appeared that the involuntary act causing the injury was in no sense traceable to his wrongful or negligent conduct. We do not think it can be said in any just sense that the fall of the tub was the proximate cause of the injury. A proximate cause is the efficient cause, and one that necessarily sets the other causes in operation. It is not always the cause nearer in time and place to the accident, for that is sometimes merely incidental to a superior or controlling agency. It is only when causes are independent of each other that the nearer is, of course, to be charged with the disaster. The G. R. Booth, 171 U. S. 450, 19 Sup. Ct. 9, 43 L. Ed. 234. From the facts established by the evidence, and from the circumstances surrounding the occasion, it appears that the efficient, and

therefore proximate, cause of the death of plaintiff's intestate was the act of Mitchell in ascending the ladder and permitting the tub to collide with the girder or brickwork, which it may be assumed caused the ladder to slip and the tub to fall upon and kill the plaintiff's intestate, as there is no reason to suppose or believe that without the operation of these causes the accident would have occurred. However this might be, it cannot be said that such a conclusion is destitute of justification, or that the jury would not have drawn that inference. We think, therefore, that the dismissal of the complaint was error, for which the judgment must be reversed, and a new trial granted, costs to abide the event. All concur, except WOODWARD, J., who dissents.

WOODWARD, J. (dissenting). Giving to the plaintiff the most favorable view which may be taken of the evidence, the rule to which she is entitled upon a nonsuit, I am unable to discover anything in the facts which would warrant any other disposition than that made by the learned court below. The plaintiff's theory of the case is that on the 14th day of December, 1899, her intestate was in the employ of Thomas Mulry & Son, contractors, who were engaged in carting out dirt and bringing in loam to the basement of a building in the course of construction at the corner of Bank and Washington streets, and that, while so employed, a tub, carried upon the shoulders of one of the defendants' servants, who was mounting a ladder, fell upon him, producing death. It is urged that this tub, being in the control of defendants' servants, and falling upon one who was not a fellow servant, and who was lawfully within the building, brings the case within the rule which requires the defendant to assume the burden of explaining the accident; but the evidence fails to support the theory on which the case is predicated. There is no evidence which would justify a jury in reaching the conclusion that the plaintiff's intestate was, at the time of the accident, in the employ of Thomas Mulry & Son. No member of this firm is called; no one testifies to the fact. There is some evidence that the deceased had a time book in his pocket at the time, and that he had, at other periods, kept the time of some of the men employed by this firm; but the time book is not shown to have been the book belonging to the alleged employers, it is not produced in evidence, and the most that can be said is that the jury might have guessed that he was employed in the manner claimed. The allegation of the complaint upon this point is that at the time of the accident "the said James Monahan was lawfully and prudently in or about the basement of said structure below said servant and ladder," and the defendants answer that as to this they have no knowledge or information sufficient to form a belief, and the plaintiff has not afforded the evidence to support the complaint. So far as we have information, it is not at all certain that the plaintiff's intestate was lawfully upon the premises; that he was not a fellow servant of the person whose alleged negligence caused the accident, or that the defendants owed him any duty whatever. The accident happened, not to one in the highway, but to one upon private premises; and the defendants owed him no duty

unless he was rightfully there (Larmore v. Iron Co., 101 N. Y. 391, 4 N. E. 752), and in such a position as to give some notice to the defendants and their servants of his presence. So far as the evidence discloses, he may have been a mere trespasser. He is not mentioned in the testimony as having been present until the very moment of the accident, and the only evidence bearing upon his right to be there is found in the testimony of persons who had known of his having been employed by Thomas Mulry & Son, and the fact that a time book, not shown to belong to any one in particular, was found in the coat pocket of deceased after his death. Neither the foreman, nor any member of the firm of Thomas Mulry & Son, is called in support of the complaint, nor is any reason suggested why they were not called. The gravamen of the action is the alleged negligence of the defendants, through their servants, and negligence which will entitle the plaintiff to recover is the disregard of some duty which the defendants owed to her intestate. In the absence of evidence to show that the plaintiff's intestate was not a mere trespasser, the plaintiff has failed to show that the defendants owed him any degree of care; and, even if the action of Mitchell, defendants' servant, was negligent as to those lawfully in the building, it cannot avail this plaintiff. She is required to show by a preponderance of evidence that the defendants owed her intestate some duty which they have failed to discharge, and she has gone no further in this direction than to show that her intestate was killed while in the basement of the building, which the defendants admit they were constructing. While the jury might speculate upon the probability that plaintiff's intestate was lawfully within the building under circumstances which imposed the duty of exercising reasonable care upon the part of the defendants not to do him an injury, there is no adequate legal evidence of this essential fact, and the reiterated rule found in the case of Laidlaw v. Sage, 158 N. Y. 73, 97, 52 N. E. 679, 687, 44 L. R. A. 216, 225, that "there must be sufficient proof to sustain the claim of the party upon whom the onus rests, and that mere conjecture, surmise, speculation, bare possibility, or a scintilla of evidence is not enough," forbids that the plaintiff should be allowed to submit her evidence to the jury. But was the defendants' servant guilty of negligence, assuming the plaintiff's intestate to have been in a position demanding the exercise of reasonable care on the part of defendants towards him? The evidence shows that there was a ladder leading from a lower floor or foundation to a platform above. There is nothing to indicate whether this ladder was put in place by the defendants or by some of the other persons employed about the building. There is no evidence of any lack of care in the construction of the ladder, nor of any defect in the materials, nor does it appear that any precautions usually taken to insure the safety of ladders used as this one was being used were neglected. There is no evidence that it was negligent for a laborer to undertake to climb this ladder with a tub upon his shoulder. On the contrary, the inference may be gathered from the evidence that this was customary in the carrying on of the work of construction, the tub being used for carrying or containing the cement required in laying up the walls.

It is clear, then, that no negligence has been shown on the part of Mitchell, the defendants' servant, up to the time that he reached the top of the ladder. At this point the tub came in contact with some part of the building, though whether with sufficient force to produce the accident does not appear, the foot of the ladder slipped, and Mitchell, to save himself from a fall, let go of the tub, and grabbed hold of a pipe or some other projection near at hand, while the witness put his foot against the ladder to prevent its coming down. The tub, in falling, struck plaintiff's intestate on the head, killing him. Clearly, within the rule recognized and approved in Laidlaw v. Sage, supra, Mitchell cannot be said to have been negligent in dropping the tub, under the circumstances. It is not even shown on the part of the plaintiff that Mitchell had any reason to believe that plaintiff's intestate was present, or in any danger from the falling of the tub, and, if he had, the law recognizes the right of self-preservation, and asserts the doctrine that, where it is a question whether one of two men shall suffer, each is justified in doing the best he can for himself. Laidlaw v. Sage, 158 N. Y. 90, 52 N. E. 679, 44 L. R. A. 216, and authorities there cited. This is not a case of the unexplained falling of some missile within the control of the defendants. The entire matter is fully explained, in so far as the direct cause of the accident is concerned; and there is no evidence to show that the defendants or their servants neglected any duty which they owed to this plaintiff's intestate, or that they or their servants acted in a careless or reckless manner in performing the work for which we may assume they were under contract. Under the circumstances disclosed by the plaintiff's evidence, there was no case for the jury, and the case was properly disposed of by the trial court.

The judgment and order appealed from should be affirmed, with costs.