## LAURO v. STANDARD OIL CO.

(Supreme Court, Appellate Division, Second Department. June 6, 1902.)

NEGLIGENCE—FELLOW SERVANT—EVIDENCE—INSTRUCTION.

Plaintiff, while in the employ of a stevedore engaged in loading a steamship, was injured through the negligence of the drum man. The complaint alleged and answer admitted that the drum man was in the employ of the defendant, and that fact was not disputed. The court submitted the question to the jury whether the drum man was the servant of the stevedore or of defendant, and char. 1 that, if he was subject only to the orders of the stevedore at the time, that ended the case. *Held* error.

Appeal from trial term, Kings county.

Action by Andrea Lauro against the Standard Oil Company. From a judgment for defendant, and from an order denying a new trial, plaintiff appeals. Reversed.

Argued before GOODRICH, P. J., and BARTLETT, JENKS, WOODWARD, and HIRSCHBERG, JJ.

Francis L. Corrao, for appellant.

Jesse Fuller, Jr. (Charles W. Fuller, on the brief), for respondent.

HIRSCHBERG, J. The plaintiff claims to have been injured on the 10th day of May, 1899, while working for a stevedore engaged in loading a steamship with a cargo of petroleum at the defendant's dock. The cargo was handled by means of rigging furnished by the ship and by the stevedore, and operated by power furnished by the defendant. The power was applied by means of a drum stationed on the dock, and furnished by the defendant, and which was in the charge of a drum man, who was in the defendant's employ. The drum man received signals when to raise the cargo from the dock and when to lower it into the hold from a gangway man stationed on the steamship, and employed by the stevedore. There was evidence tending to prove that the accident occurred because of the negligence of the drum man in lowering a portion of the cargo before he received a signal to do so. The learned trial justice submitted the question to the jury to determine whether the drum man was the servant of the stevedore or of the defendant; saying: "If he was a workman, subject only to the orders of the stevedore, or the gangway man representing the stevedore at the time, with no control of the Standard Oil Company or dominion over him at all, that is the end of this case, because the claim in this case is based, and only can be based, on the claim of the sole negligence of the defendant." He also refused to charge, at the plaintiff's request, in effect that the drum man and the plaintiff were not fellow servants. That the drum man was in the service of the defendant at the time

of the accident, and was furnished by it to do the specific work in which he was then engaged, was not disputed. It was alleged in the complaint, admitted in the answer, and testified to by both the drum man and his employer. As matter of law he was, therefore, not a fellow servant of the stevedore or of the latter's employés, and the defendant was liable to them for injuries resulting from his negligence without their fault. As the jury was permitted to decide, and may have decided, in defendant's favor upon the theory that the drum man was not to be regarded as the defendant's servant at the time, and in the performance of the particular act which occasioned the injury, there must be a new trial. The precise question has been twice decided in the court of appeals. In Sanford v. Oil Co., 118 N. Y. 571, 24 N. E. 313, 16 Am. St. Rep. 787, the facts were in every respect the same as here, excepting that the injured plaintiff was the gangway man who gave the signals. He was employed by a firm of stevedores, who had engaged to load a ship with barrels of petroleum which were in the storehouse and on the dock of the defendant. The latter contracted to furnish the steam engine and apparatus for hoisting and lowering the barrels and necessary men to run and manage it. The headnote corectly states the gist of the facts and of the decision as follows:

"Plaintiff's duty was to stand at the gangway and signal to G., defendant's employé, who managed the hoisting and lowering of the barrels. Plaintiff's evidence was to the effect that G. raised a barrel from the dock without any signal, which, while plaintiff's attention was engaged in the performance of another duty, swung against him, knocking him into the hold of the vessel, causing the injury complained of. The court instructed the jury that G. was defendant's servant, and for any negligence on his part it was responsible as his master. Held, no error; that G. and plaintiff were not co-servants, but servants of different masters."

In Johnson v. Navigation Co., 132 N. Y. 576, 30 N. E. 505, the plaintiff was a gangway man in the employ of a stevedore engaged in unloading a vessel belonging to the defendant. The latter furnished the steam power and a man to run the winch by which it was applied. The plaintiff was injured by the winch man's negligence, and it was held that they were not fellow servants. The court said (page 577, 132 N. Y., and page 505, 30 N. E.):

"It is claimed that Lithman [the stevedore] was an independent contractor, having charge of all of the men engaged in unloading the vessel, and that the defendant is not liable for the negligent act of servants working under his direction. The question is as to whether the winch man was the servant of Lithman, and consequently the co-servant of the plaintiff. Lithman testified that he was paid by the ton; that the vessel furnished the steam power and a winch driver. This is the evidence as to the contract with the defendant. It does not appear that he had the power to order, direct, discharge, or control the winch driver further than to signal to him by way of the gangway man when to hoist or lower, go ahead or come back. It consequently does not appear to us that the winch man could be regarded as the servant of Lithman. It is quite apparent that it was the intention of the defendant to retain charge of the steam power and winch, and operate it through its own servants and employés. And the fact that the winch man received orders from the plaintiff when to hoist and when to lower under the circumstances of this case does not operate to change his relations to the defendant as its servant. Sullivan v. Railroad Co., 112 N. Y. 643, 647, 20 N. E. 569, 8 Am. St. Rep. 793; Sanford v. Oil Co.,

76 N.Y.S.—51

118 N. Y. 571, 24 N. E. 313, 16 Am. St. Rep. 787; Kilroy v. Canal Co., 121 N. Y. 22, 24 N. E. 192; Butler v. Townsend, 126 N. Y. 105, 26 N. E. 1017."

The judgment and order should be reversed.

Judgment and order reversed, and new trial granted; costs to abide event. All concur.