THORNTON v. HOGAN et al.

(Supreme Court, Appellate Division, Second Department. April 13, 1903.)

1. FELLOW SERVANTS—DIFFERENT MASTERS.

A longshoreman loaned by one lighterage company to another was on the lighter of the latter company, stowing freight being unloaded by defendants, who were stevedores, from a ship into the lighter. It did not appear that the longshoreman and the workmen of the stevedores were under the direction of one master. *Held*, that they were not fellow servants.

2. MASTER—NEGLIGENCE OF SERVANTS—NOTICE.

Stevedores engaged in unloading a lighter were not charged with notice of the careless way in which their employés were doing the work; it merely appearing that one of the men working with plaintiff in the hold of the vessel had spoken to one of the stevedores' men as to the matter; he not being shown to be in charge of the work.

Appeal from Trial Term, Kings County.

Action for personal injuries by William C. Thornton against Charles W. Hogan and Jefferson Hogan, doing business as partners under the firm name of T. Hogan & Sons, and the Commercial Lighterage Company. Judgment against 'the defendants Hogan, and they appeal. Reversed.

Argued before GOODRICH, P. J., and BARTLETT, HIRSCHBERG, JENKS, and HOOKER, JJ.

H. Snowden Marshall, for appellants.
Edward J. McCrossin, for respondent.

JENKS, J. I think that there should be a new trial because of error in admission of testimony. The plaintiff complains of negligence. There is no dispute of the testimony of the plaintiff that he was a longshoreman hired by the Manhattan Lighterage Company, and by it "loaned" to the Commercial Lighterage Company; so that at the time of the accident he was upon the lighter of the latter company, under its orders, stowing bags of coffee which were being unloaded by the defendants, who were stevedores, from a ship into the lighter. A load of bags while in transit from ship to lighter fell from the sling into the lighter, and injured the plaintiff. I think that the doctrine of Perry v. Rogers, 157 N. Y. 251, 51 N. E. 1021, Cullen v. Norton, 126 N. Y. 1, 26 N. E. 905, and Toohey v. Ocean Steamship Company (Sup.) 79 N. Y. Supp. 567, does not apply, because it is based upon the condition of fellow servants, and in this case the proof does not establish such relation between the plaintiff and the workmen of the stevedores. For aught that appears, the plaintiff looked to one master and obeyed him, and the workmen of the stevedores looked to another master and obeyed him, so that the plaintiff and his stevedores, though co-operating, were not fellow servants. Sanford v. Standard Oil Company, 118 N. Y. 571, 24 N. E. 313, 16 Am. St. Rep. 787; Svenson v. Atlantic Mail Steamship Company, 57 N. Y. 108; Sullivan v. Tioga R. Co., 112 N. Y. 643, 648, 20 N. E. 569, 8 Am. St. Rep. 793; Johnson v. Netherlands

¶ 1. See Master and Servant, vol. 34, Cent. Dig. § 485.

American Steam Navigation Company, 132 N. Y. 576, 30 N. E. 505; Kane v. Mitchell Transportation Company, 90 Hun, 65, 35 N. Y. Supp. 581; Shearman & Redfield on Negligence, 225. The contention of the plaintiff was that the stevedores failed to sling the bags of coffee securely, and that they gave signals for the start of carriage prematurely, while the bags were insecurely slung. If the stevedores were guilty of negligence in the doing of their work, whereby the plaintiff, without contributory negligence, while engaged at his work, was injured, then liability might be cast upon the defendants. Giese v. Hall, 37 Hun, 440. These facts were testified to by the plaintiff: He was entirely familiar with this kind of work, and on this occasion the bags had not theretofore "come down entirely satisfactorily," but a good many had dropped out. Every few minutes some bags would drop from the sling. He had noticed this all the morning, and whenever he saw a load coming he went out of the way, but usually the bags scattered "out a little way from the sling" when they fell, and he was standing six feet away from the place where the load usually came down, where he thought he was safe, though "they scattered all over sometimes when they came out— probably more than six feet." The plaintiff also testified that, as far as he recollected, Mr. Hogan (the defendant) had charge of the work on the deck of the ship. The learned counsel for the plaintiff asked a witness who was a colaborer of the plaintiff: "Prior to this accident, had you spoken to the man who fastened the hook of the fall into the draught—the sling or the draught?" This was objected to as immaterial, and the objection was overruled under exception. "Q. What did you say to the man who was hooking this hook of the fall into the draught?" This was objected to as incompetent, irrelevant, and immaterial, and the objection was overruled, under exception. "A. To make them put eight in a draught. I told them to put eight in a draught." A similar question was again similarly objected to, but admitted under exception, and the witness answered that he told the man not to put ten bags in a draught, because it was not safe, and that he told him to continue putting eight bags in a draught, and that it "would come down all right." The witness then testified that after this ten bags were put in the sling or fall, and there was testimony that there was this number of bags in the load which fell and injured the plaintiff. The learned court told the counsel for the defendants that he might move to strike out this testimony as to the conversation with the stevedores, if it were not connected. Thereafter such a motion was made and denied, with leave to renew it. It is entirely possible that the jury might have placed liability upon the defendants in consideration that there was evidence that during the progress of the work the defendants had notice that the method of doing the work, namely, by draughts of ten bags instead of eight bags, was unsafe. Again, the jury might have concluded that the plaintiff took the apparent risk of the work without objection, and that he was injured by a risk recognized and accepted by him, save for the proof that he had given notice to the defendants, and requested a change which would have removed the risk. And yet there was no evidence of such notice to the defendants, save

the testimony of this conversation with the man at the sling—an Italian who attended to the fall. As it does not appear that this notice was given to any one who had charge of the method of the work, with the power to regulate it or to change it, I think that it is insufficient to charge the defendants. Cameron v. N. Y. C. & H. R. R. Co., 145 N. Y. 400, 40 N. E. 1. I think that the court was correct in his discharge of the codefendant, and I do not express any opinion upon the liability or immunity of the defendants Hogan, but I place this reversal solely upon this error in evidence.

Judgment and order reversed as to appellants, and new trial granted; costs to abide the event. All concur.