FORD v. ARBUCKLE et al.

(Supreme Court, Appellate Division, Second Department.   July 27, 1905.)

1. NEGLIGENCE—FELLOW SERVANTS.
    While defendants were unloading on their wharf a cargo of sugar from· the lighter of M., the captain of which was putting the sugar on the hoisting apparatus and giving the signals for application of the power, the power being furnished and operated by defendants, plaintiff, employed by W., and on the wharf of right to sew the bags containing the sugar, was, without fault of his, injured by negligence of defendants' employé operating the hoist, not due to any faulty signal.   Held that, in the absence of any evidence that defendants were under any arrangement with M., which made their servants his for the time being, or that plaintiff's employer was engaged under any arrangement with M. and defendants which tended in any way to make plaintiff, for the time being, the servant of them, or of either of them, there was nothing to relieve defendants from liability on the ground that plaintiff was injured by a fellow servant.
    [Ed. Note.—For cases in point, see vol. 34, Cent. Dig. Master and Servant, §§ 485–492.]

2. SAME—ASSUMPTION OF RISK.
    Plaintiff, in the employ of W., and by right on defendants' wharf to sew up bags containing sugar, which was being unloaded, did not assume the risk of injury from negligence of defendant's servants in unloading. the cargo.
    [Ed. Note.—For cases in point, see vol. 34, Cent. Dig. Master and Serv-· ant, §§ 375–378, 567–573.]

Appeal from Municipal Court of New York.

Action by Harry Ford against John Arbuckle and others.   From a judgment for defendants, plaintiff appeals.   Reversed.

Argued before HIRSCHBERG, P. J., and BARTLETT, RICH,. and MILLER, JJ.

Bruce R. Duncan, for appellant.
William D. Stiger, for respondents.

HIRSCHBERG, P. J. The decision in the case of Lauro v. Standard Oil Co., 74 App. Div. 4, 76 N. Y. Supp. 800, seems decisive of this appeal. On the 2d day of May, 1904, the defendants were engaged in unloading upon their wharf in Brooklyn a cargo of sugar from a lighter belonging to MacMasters. The captain of the lighter was engaged in hooking the draughts of sugar (in bags) to the hoisting apparatus, and he gave the signals for the application of the power. But the power was furnished by the defendants, and was operated upon the wharf by their engineer and other servants. The plaintiff was injured by the negligence of one of the defendants' men operating the hoist upon the wharf, not due to any faulty signal, and was himself apparently free from blame. He was in the employ of the firm of James J. Walsh & Co., and was upon the wharf by right for the purpose of sewing torn bags, in order to prevent loss of sugar. The defendants offered no evidence, the complaint being dismissed upon the plaintiff's proof.

In Lauro v. Standard Oil Co., supra, the plaintiff was working for a stevedore in loading a steamship from the defendant's dock. The cargo was handled by means of rigging furnished by the ship and by the stevedore, but operated by power furnished by the defendant, and applied by means of a drum stationed on the dock, also furnished by the defendant. The drum was in charge of the defendant's servant whose duty it was to raise the cargo from the dock and lower it into the hold in obedience to signals from one of the stevedore's servants stationed on the steamship. · The accident in that case resulted from the negligence of the drum man in lowering a portion of the cargo before he had received a signal so to do, and it was held that the drum man was not, as matter of law, a fellow servant of either the stevedore or his employé, and that the defendant was therefore liable to the latter for injuries sustained by him through the drum man's negligence. The facts in the case at bar are somewhat more favorable to the plaintiff's right .of recovery than in the case cited. Here the accident occurred because the man in charge of the hoisting apparatus upon the wharf negligently swung a heavy draught of sugar upon the plaintiff, but neither the plaintiff nor his employers were engaged in, or directly connected with, the process of unloading. That was wholly in the charge of MacMasters and the defendants in this division of labor and responsibility which I have outlined, while the plaintiff's function in the service of his separate master was confined solely to salvage of the cargo. There is no suggestion in the evidence that the defendants were under any arrangement with MacMasters which made their servants his for the time being, and none that the plaintiff's employers were engaged under any arrangement with the other two which tended in any way to make the plaintiff for the time being the servant of the others, or of either of them. The cases cited by the learned counsel for the respondent, of which Higgins v. Western Union Telegraph Co., 156 N. Y. 75, 50 N. E. 500, 66 Am. St. Rep. 537, is one, and which invoke the doctrine that a servant generally employed and paid by one person may nevertheless be ad hoc the servant of another in a particular transaction even when his gen-

eral employer is interested in the work, have accordingly no application.

The learned counsel for the respondents also relies upon the case of Downes v. Elmira Bridge Co., 179 N. Y. 136, 71 N. E. 743, as authority for the proposition that the plaintiff assumed the risk of injury from the defendants' negligence. In that case, however, the plaintiff was a mere licensee, and even the implied invitation to use the defendant's wharf at the time of the accident had been revoked by the inherently dangerous work then being openly carried on. The case was controlled by the proposition that dangerous work in plain sight is notice to a mere licensee, and negatives the assurance of safety except from wanton injury or willful misconduct. Here, however, the plaintiff appears to have been upon the wharf as a matter of right, in the discharge of some contractual obligation with which the defendants were apparently beneficially connected, while the work going on was certainly reasonably safe if performed with ordinary care.

The judgment should be reversed, and a new trial ordered.

Judgment reversed, and new trial ordered; costs to abide the event. All concur.