PATRONO v. PATRONO et al.

(Supreme Court, Appellate Division, Second Department.  June 5, 1908.)

1. MORTGAGES—EQUITABLE MORTGAGE—RIGHT TO REDEEM.

Plaintiff contracted with B. for the purchase of land, the price to be paid in installments secured by mortgage, and took possession thereof; and, plaintiff thereafter being sentenced to the penitentiary, he executed an agreement to transfer to defendants his interest in the contract, defendants to make all payments thereunder and give plaintiff six months after his release from the penitentiary to reimburse them for such payments, and in the event of his failure to do so the property to belong to defendants. Thereafter, on April 17th, plaintiff and defendants executed an agreement with K., whereby they sold him all their interest in the B. contract, K. to pay all back taxes and a certain sum in addition thereto as purchase price; the agreement providing that plaintiff ratified it and waived his right to redeem from defendants under their contract, and thereafter K. and defendants executed a contract whereby, for consideration, K. released defendants from the agreement made on April 17th and reassigned to them all their rights under the B. contract. Held, in an action to compel the reassignment by defendants of the B. contract, that plaintiff became the equitable owner of the premises by the B. contract, and his agreement with defendants was an equitable mortgage, which he had a right to redeem, and his waiver of his right to redeem by the agreement of April 17th was conditioned upon K.'s performance of his obligation, and upon his failure to perform the defendants stood in the same position as when the contract was first assigned to them, and he was entitled to a reassignment.

2. SAME.

Though plaintiff was not a party to the last agreement of defendants with K., by which the latter reassigned his interest under the previous contract, plaintiff by the present action, by which he asserted his equitable ownership of the land, affirmed the cancellation of the assignment to K.

Appeal from Special Term.

Action by Pasquale Patrono against Pasquale Patrono and another to compel the reassignment of a contract to purchase land and for an accounting. From a judgment for plaintiff, defendants appeal. Affirmed.

Argued before JENKS, HOOKER, RICH, MILLER, and GAYNOR, JJ.

William A. Walsh, for appellants.

Thomas A. McKennell, for respondent.

JENKS, J. The defendants appeal from a judgment of the Special Term in favor of the plaintiff. On April 15, 1904, the plaintiff made a contract with Bradley for the purchase of realty in consideration of $2,400, payable in installments and by the execution of a purchase-money mortgage. Pursuant to this contract the plaintiff took possession of the premises under an agreement embodied in the contract to pay as rent therefor both interest upon the amount of the purchase price remaining unpaid and the taxes and assessments. That contract was extant on October 7, 1905, when the plaintiff was sent to the penitentiary for six months. On November 22, 1905, the plaintiff executed a writing whereby, in consideration of the sum of $1, he agreed to sell, assign, transfer, and set over to the defendants (his uncle and cousin, respectively) all his right, title, and interest in the Bradley contract. This writing provided that the said defendants were to make all payments under the terms of said contract, that the plaintiff should have a period of six months after his release from the penitentiary to reimburse them for such advances, and in case of his failure to do so the title to the property should become vested in the defendants. On April 17, 1906, the plaintiff and the defendants executed a certain agreement in writing with Kosstrin, whereby they assigned and sold all their right, title, and interest in and to the Bradley contract, and whereby it was provided that Kosstrin was to take the agreement as of April 16, 1906, the adjustments of rents, interest, and insurance to be made at that time, that Kosstrin was to pay the taxes for 1905, and in addition thereto the sum of $2,900, less $100 paid at the time of the signing, and less any or all amounts which at the time of the closing should be due the said Bradley or should be a lien on the said premises. The writing provided that the closing or time of final payment should be on the 16th day of May, 1906, and that the plaintiff "consents to this agreement and ratifies the same, and waives his right to redeem from the said Pasquale Patrono and Joseph Patrono" (the defendants in this case). On May 9, 1906, the said Kosstrin and the defendants executed a writing whereby, in consideration of the sum of $225 paid by defendants to Kosstrin, Kosstrin "releases the said Pasquale Patrono and Joseph Patrono" (these defendants) "from all the terms of an agreement between these parties made the 17th day of April, 1906, and reassigns to the said Pasquale Patrono and Joseph Patrono" (these defendants) "all their rights under the foregoing annexed agreement, dated the 15th day of April, 1904, between Andrew R. Bradley and Pasquale Patrono" (this plaintiff), "which was assigned to them on the 22nd day of November, 1905. The said $225 includes $100 paid by the said Max Kosstrin to the said Pasquale Patrono and Joseph Patrono." This action is to compel a reassignment to the plaintiff by the defendants of the Bradley contract; the plaintiff asking to redeem the contract and have an accounting of the rents collected by the defendants and the disbursements made to keep the Bradley contract alive and to preserve the property.

I am of opinion that the findings of the Special Term are supported

by the evidence, that the conclusion of the Special Term is right, and that the judgment must be affirmed. Perforce of the Bradley contract the plaintiff was the equitable owner of the premises (Hays' Adm'r v. Miller, 6 Hun, 320–326, affirmed 70 N. Y. 112–118; Rood v. N. Y. & Erie R. R. Co., 18 Barb. 80; Moore v. Burrows, 34 Barb. 173), and his agreement with the defendants is regarded as an equitable mortgage (Brayton v. Jones, 5 Wis. 117; Northrup v. Cross, Selden's Notes, 111; Gamble v. Ross, 88 Mich. 315–330, 50 N. W. 379; Meigs v. McFarlan, 72 Mich. 194, 40 N. W. 246). The first contract with Kosstrin contemplated Kosstrin's performance of his obligation, and plaintiff's waiver therein was conditional upon that performance. But Kosstrin did not perform. He did not even undertake by that writing of May 9th to assign his contract to the defendants; for in the first place the purpose as expressed therein is cancellation of that contract, and in the second place he only undertook to "reassign" to the defendants their rights under the contract of the plaintiff with Bradley, as assigned to them by the plaintiff on November 22, 1905. So far as the defendants are concerned, their rights as to these premises are expressed exclusively in and limited exclusively by the assignment to them by the plaintiff. As against the plaintiff they gain nothing from Kosstrin. As to the plaintiff, although he was not a party to the agreement of Kosstrin and the defendants of May 9, 1908, nevertheless he has elected by his present action to affirm the cancellation of Kosstrin, inasmuch as this action rests upon the plaintiff's assertion of his equitable ownership of the premises. In fine, the dealings with Kosstrin are of no moment, so far as the relative rights of these parties in the premises are concerned.

The judgment is affirmed, with costs. All concur.