[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 129 
The defendant's counsel insists that this case comes within the rule that a servant cannot recover for an injury caused by the negligence of a fellow-servant employed by the same master, in the same general business. The case of the plaintiff differs from the cases to which this rule has been applied in this important fact: the deceased and switch-tender were not employed by the same master. The former was the servant of the New York and New Haven Railroad, and the latter of the defendant. The presumption from the facts of this case is, that the defendant, for a compensation therefor, gave the New York and New Haven Company the right of running trains over its track, and agreed to provide switchmen and flagmen to attend upon such trains. The switchmen and flagmen furnished by the defendant for this purpose, were in no sense the servants of the New York and New Haven Railroad Company. The defendant would be liable to that company for their negligence. This case does not, therefore, come within any of the adjudged cases establishing *Page 130 
the above rule. I think it is not embraced by any of the reasons upon which it is founded. One is to secure vigilance and care by each servant in the discharge of his duty to his employer. Whatever importance may be attached to this is inapplicable to this case. Another is to protect the employer from the great hazards to which he would otherwise be exposed: and still another, that the servant may provide against risks of this character by his contract. This case does not fall within either. The deceased was as much a stranger to the defendant as any passenger in the train run by him, and I think, entitled equally with them to protection against the negligence of the defendant or its servants.
Another question presented by the exceptions is, whether the defendant is liable to any one except the New York and New Haven Railroad Company, with which the contract was made. In the case of Thomas v. Winchester (2 Seld., 397), it was held by this court that a dealer in drugs, vending poison labeled as harmless medicine, was liable to a party who purchased from the innocent vendee, for an injury occasioned by its use. The reasons assigned for the decision apply with equal force to this case. Death, or great bodily harm, is the natural and almost inevitable consequence of negligence in either case. Mischief, like that which actually happened, was to be expected from such negligence. In the case cited, RUGGLES, J., refers with approbation to the distinction recognized in Longmeid v. Holliday (6 L. Eq.,
562), between an act of negligence imminently dangerous to life, and one not so; holding the party guilty liable in the former, to one not contracting with him, for an injury sustained thereby, but not in the latter. In the case last cited, PARKE, Baron, says: "If a stage-coach proprietor, who may have contracted with the master to carry his servant, is guilty of neglect, and the servant sustains serious personal damage, he is liable to him, for it is a misfeasance towards him, if after taking him as a passenger, the proprietor, or his servant, drives without due care, as it is a misfeasance towards every one traveling on the road. I think it a misfeasance in this case towards every one law *Page 131 
fully traveling over the defendant's road to permit any portion of the track to be in a dangerous state. The safety of the public will be promoted by adopting such a rule. The consequences of negligence in all cases of this kind require the court to apply the rule adopted in Thomas v. Winchester. That rule holds the party liable for all injuries sustained by any one without fault, which were the probable consequences of his negligence, when such negligence was imminently dangerous to life. Such liability tends to promote caution in these transactions of such vast importance to the public. A contrary rule will induce carelessness and negligence. There was no error in that portion of the charge relating to the duty of the defendant to adopt new improvements, by which the danger of accidents would be materially diminished. (Hegeman v. The West. R.R. Co., 16 Barb., 353.)
The judgment should be affirmed.