## ROBINSON *v.* NEW YORK CENT. & HUDSON RIVER R. Co.

*(Circuit Court, N. D. New York.* January, 1882.)

1. RAILROADS—NEGLIGENCE.

   Railroad companies, as carriers of passengers, must apply to the boiler of a locomotive used by them in hauling passenger trains every test recognized as necessary by experts; but they are not liable for defects which cannot be discovered by such tests.

2. PRESUMPTIONS—HOW OVERCOME—MOTION FOR A NEW TRIAL.

   The testimony of unimpeached witnesses who testify positively to facts which are uncontradicted overcomes a mere presumption; but a verdict will not be set aside on this ground, unless the court is satisfied that the jury were controlled by their prejudices rather than by their impartial judgment.

On Motion for a New Trial.

*E. Countryman,* for plaintiff.

*M. Hale,* for defendant.

WALLACE, D. J.   The plaintiff, while upon one of the defendant's cars as a passenger, in June, 1878, was injured by the explosion of the boiler of the defendant's locomotive, which was being used to push the train out of the yard, and brought this action on the ground of negligence to recover for his injuries.   Upon the issue of negligence the plaintiff rested his case by proving the explosion.   The defendant produced its employes, who testified to the exercise of due care in the management of the boiler at the time of the explosion, and who also testified that the boiler had been recently overhauled, repaired, and tested, and found safe, and that the explosion resulted from a hidden flaw in the iron of the boiler which could not be seen.

The jury were instructed that they might infer negligence upon the theory that the explosion would not have taken place unless the boiler had been in a defective condition, or unless there had been some omission or mismanagement on the part of those in charge of it at the time.   They were also instructed that it was incumbent upon the defendant as a passenger carrier to see to it, by every test recognized as necessary by experts, that the boiler was in a safe condition; but that it was not liable for a defect which could not be discovered by such tests.

The first instruction is not criticised.   It is elementary that in action for negligence if the plaintiff proves he has been injured by an act of the defendant, of such a nature that in similar cases, where due care has been taken, no injury is known to ensue, he raises a presumption against the defendant which the latter must rebut.

The other instructions were strictly correct. The jury were not told that the defendant was required to adopt every test known to experts to ascertain the safe condition of the boiler.

If this instruction had been given, within some of the authorities it would not have been erroneous. It has been frequently declared that the carrier of passengers contracts for their safety as far as human care and foresight can go, (*Stokes* v. *Satonstall*, 13 Pet. 181; *Pa. R. Co.* v. *Roy*, 102 U. S. 451,) and must adopt all the precautions which have been practically tested and are known to be of value, and employ all the skill which is possessed by men whose services it is practicable for the carrier to secure. *Smith* v. *N. Y. & H. R. R. Co.* 19 N. Y. 127. But the instruction was that the defendant was not exculpated if the defect could have been discovered by the application of all tests recognized by experts as necessary. It surely would not express the true extent of the carrier's liability to say that the carrier is exonerated if the defect could not be discovered by the application of some of the tests which experts recognize as necessary. If there was any test recognized as necessary which was not applied, the carrier failed to comply with its obligation. Of course it was not the suggestion of the instruction that it is the duty of the carrier to adopt all such speculative and theoretical precautions as might be thought necessary by experts, and the instructions are not impugned upon this ground. The precautions referred to were those recognized as necessary by men of practical experience in the testing of steam-boilers.

The more doubtful question presented by the motion for a new trial is whether the jury were justified in disregarding the evidence given by the defendant to overthrow the presumption established by the fact of the explosion. It is, doubtless, the general rule that where unimpeached witnesses testify distinctly and positively to facts which are uncontradicted, their testimony suffices to overcome a mere presumption. But when, as here, the testimony proceeds from persons who would be guilty of a criminal fault unless they vindicated themselves from the presumption arising from the transaction, a question of credibility is presented to the jury. *Elwood* v. *W. U. Tel. Co.* 45 N. Y. 549. The court might not feel concluded by this consideration on a motion for a new trial, but it would not feel at liberty to set aside the verdict, unless so clearly convinced that the witnesses were entitled to full credit as to be satisfied that the jury were controlled by their prejudices rather than by their impartial judg-

me1.t. This is not such a case. Although the witness who tested the boiler claimed to have made an adequate and thorough test, when it appeared that this consisted simply in firing up the engine, when the repairs on the boiler were made, until the gauge indicated the steam pressure obtained in ordinary use, a fair inference arose adverse to the theory of a very careful experiment.

The motion for a new trial is denied.