Margaret Sullivan, as Administratrix, etc., Respondent, v. The Tioga Railroad Company, Appellant.

S., plaintiff's intestate, was employed by the N. Y., L. E. & W. R. R. Co. as an ashman in its yard at Elmira, which contained a switch track running, at one point, over an ash-pit to a turn-table. Defendant had permission from said company to use its track and turn-table for reversing its engines. While S. was at work in, or just leaving said pit, one of defendant's engines, in charge of its engineer and fireman, was run upon said switch for the purpose of reversing it, and it ran upon and broke the leg of S., who died ten days afterwards. While in the yard defendant's engine was subject to the rules of the N. Y., L. E. & W. R. R. Co. In an action to recover damages, *held*, that the engineer and fireman were not, in any sense, the co-employes of S., and their negligence was not one of the risks which, by virtue of his contract of service, S. had assumed; and as there was evidence tending to show negligence on the part of defendant's employes, and the absence of contributory negligence on the part of decedent, that a verdict for plaintiff was conclusive here.

Plaintiff's intestate, at first, rejected the advice of his physician, and refused to have his leg amputated; he died about ten days after the accident. The physician, being called as a witness, swore that amputation would have improved S.'s chances, but also said that, within his own experience, there had been cases where, under advice and in the face of such objection, amputation had been omitted and the limb saved. *Held,* that the refusal of S. could not be said to be, as matter of law, negligence.

Also, *held,* that if the refusal was fatal to the patient, defendant had no reason to complain, as death limited the verdict to a less sum than might have been awarded to a living but crippled man.

(Argued February 7, 1889; decided March 5, 1889.)

APPEAL from judgment of the General Term of the Supreme Court in the fourth judicial department, entered upon an order made April 30, 1887, which affirmed a judgment in favor of plaintiff entered on a verdict. (Reported below, 44 Hun, 304.)

The nature of the action and the facts are sufficiently stated in the opinion.

*D. C. Robinson* for appellant. The question of defendant's negligence was an issue to be decided upon the facts as they then existed, unprejudiced by what may have been done at other times. (*Payne* v. *T. & B. R. R. Co.,* 9 Hun, 320; *Dougan* v. *C. T. Co.,* 56 N. Y. 1; *Salters* v. *D. & H. C. Co.,* 10 S. C., N. Y. 338.) The duty of the deceased to exercise reasonable care was absolute without reference to negligence on the part of the defendant. (*Havens* v. *Erie, R. Co.,* 41 N. Y. 298, 299; Pierce on Railways, 329.) Sullivan and the engine employes were co-servants. (Pierce on Railways, 358–362, Wood on Railroads, 1496–1499 · *Boldt* v. *N. Y. Central,* 18 N. Y. 433.)

*Sylvester S. Taylor* for respondent. The defendant's employes in charge of its locomotive were negligent, and defendant is liable for their negligence. (*Black* v. *Brooklyn City R. R. Co.,* 13 N. Y. St. Rep. 645; 108 N. Y. 640; *Clark* v. *Eighth Ave. R. R. Co.,* 36 id. 135; *Hayes* v. *Forty-second St. R. R. Co.,* 97 id. 259; *Murphy* v. *N. Y. C. & H R R. R Co.,* 44 Hun, 244; *Bills* v. *N. Y. Central,*

84 N. Y. 10; *Canfield* v. *B. & O. R. R. Co.*, 93 id. 537; 6 Am. & Eng. R. R. Cases, 111; *Penna. Co.* v. *Stoelke*, 8 id. 523; *Roll* v. *N. C. R. R. Co.*, 15 Hun, 502; *Kilroy* v. *D. & H. C. Co.*, 16 N. Y. St. Rep. 873.) The question whether plaintiff's intestate was guilty of contributory negligence was one purely of fact, was properly submitted to the jury, and, by their opinion, the appellate court is bound. (*Black* v. *B. C. R. R. Co.*, 13 N. Y. St. Rep. 646; 108 N. Y. 645.) If Sullivan was honestly mistaken as to the necessity of amputation under the circumstances, he was not negligent. (*Hope* v. *Troy & Lansingburgh R. R. Co.*, 40 Hun, 438; *Lyons* v. *Erie Railway Co.*, 57 N. Y. 489; *Ehrgott* v. *Mayor, etc.*, 96 id. 266; *Cornlich* v. *S. O. Co.*, 14 St. Rep. 713.) The question was properly submitted to the jury. (*Nugent* v. *Boston C. M. R. Corp.*, 12 Atlantic Rep. 797; *Louisville & N. R. Co.* v. *Jones*, 3 Southern Rep. 902.) The defendant, by its negligent act, having caused the circumstances of peril and created the emergency, is not released from responsibility because the plaintiff did not exercise the soundest discretion in his efforts to obviate the consequences of its fault. (*Roll* v. *Northern Central*, 15 Hun, 501.) The defendant's servants in charge of its locomotives were not Sullivan's co-employes. (*P., etc., R. R. Co.* v. *State of Md.*, 10 Am. and Eng. R. R. Cases, 792, 808; *Warburton* v. *G. W. R. Co.*, L. R., 2 Exch. 30; 4 H. & C. 695; *C. R. R. Co.* v. *Armstrong*, 49 Pa. St. 186; *Swainson* v. *N. Ry. Co.*, L. R., Exch. Div. 341; *Harrold* v. *N. Y. C. & H. R. R. R. Co.*, 13 Daly, 89; *Tanner* v. *G. E. R. R. Co.*, 33 L. T. [N. S.] 431; *Roll* v. *N. C. R. Co.*, 15 Hun, 406; 80 N. Y. 647; *Vose* v. *L. & Y. R. Co.*, 2 H. & N. 728; *Smith* v. *N. Y. C. & H. R. R. R. Co.*, 6 Duer, 225; 19 N. Y. 127; *Zeigler* v. *D. & N. R. R. Co.*, 52 Conn. 543; *Sawyer* v. *R. B. R. R. Co.*, 27 Vt. 370; *Roach* v. *F. O. P. Co.*, 18 Week. Dig. 124; 95 N. Y. 660; *Stevenson* v. *A. M. S. Co.*, 1 J. & S. 277; 57 N. Y. 108; *Murphy* v. *N. Y. C. & H. R. R. R. Co.*, 44 Hun, 241; Wood's Master and Servant, 807, § 424; *Young* v. *N. Y. C. R. R. Co.*, 30 Barb. 229; *King* v. *N. Y. C. &*

*H. R. R. R. Co.*, 66 N. Y. 181; *Perry* v. *Lansing*, 17 Hun, 34, 37, 39; *Carroll* v. *M. V. R. R. Co.*, 13 Minn. 30; *Philadelphia* v. *State*, 58 Md. 372, 400; Rorer on Railroads, 1205; Pierce on Railroads, 370; Shear. & Red. on Neg. § 101; 2 Thompson on Neg. 1043; Wharton on Neg. § 231; 3 Wood's Railroad Law, 1490.)

Danforth, J.   Action to recover damages for injuries inflicted upon plaintiff's intestate through negligence of defendant's servants.   The trial judge refused to nonsuit and jury found for the plaintiff.   Motion for a new trial was denied at Special Term, and from order there made, and from judgment entered upon verdict, an appeal was taken to General Term where both were affirmed. (44 Hun, 304.) This appeal is against that decision.

The place of accident was the yard of the New York, Lake Erie and Western Railroad Company, at Elmira.   It contained, among others, a switch track running at one point over an ash-pit to a turn-table.   The intestate was a servant of that road as an ashman, and at the time in question was at work in, or just leaving the pit.   The Tioga Railroad was a terminal road, and had permission from the other company to use the track and turn-table for reversing its engines.   It was doing so upon this occasion, in charge of its engineer and fireman, and at the pit its engine ran upon the intestate, causing, as the surgeon says, "a compound fracture of the foreleg."   In about ten days afterwards, and before recovery from his hurt he died.   While in the yard the defendant's engine was subject to the rules of the other company.   These facts are not disputed.   But the appellant contends, as it contended upon the trial, (1) that no negligence on its part was proven; (2) that the plaintiff's intestate contributed to the accident; (3) that the injury received did not cause death; and, (4) that the persons in charge of the locomotive were fellow-servants of the decedent.

Upon the first and second propositions the testimony was brought to the attention of the trial judge by motion for non-

suit, to the attention of the Special Term by motion for a new trial, and afterwards to the attention of the General Term. It is not necessary to rehearse it. It has, however, been examined by us, in view of the appellant's contention, that in giving it effect these various tribunals were in error, and we easily find that the evidence in some reasonable view was sufficient to justify a conclusion that the persons in charge of the engine knew, or should have known, that the intestate was at the pit, and so exposed as to make collision probable, yet that they went upon him without warning or notice of any kind, under circumstances which, as interpreted by the charge, the jury characterized as negligent. Upon the evidence they were also justified in finding that the intestate had no knowledge of the approaching locomotive. He knew, of course, that the place he occupied was a place of danger, but it by no means follows that in taking the risk of his employment he contributed to an accident occasioned by circumstances in no way connected with it. Upon both points the verdict is conclusive. Nor were the persons in charge of defendant's engine, the engineer and fireman, in any sense his co-employes. The evidence fails to show that at the time of the accident he was in a common service or engaged in a common employment with them. He was in the service of the New York, Lake Erie and Western Railroad Company; they were in the service of the Tioga Railroad Company. Their negligence was not one of the risks which, by virtue of his contract of service, he had taken upon himself. He was at no time under the authority of the defendant, nor in any respect its servant. He neither owed service to it, nor did he render it. On the other hand, neither the engineer nor fireman owed any duty to the New York, Lake Erie & Western Railway. It is true that company owned the track and the defendant used it upon necessary occasions. But the defendant, and so the defendant's servants in charge of its engine, used it as licensees under such regulations as were imposed as conditions of use, not of service. The intestate was, in respect to his employment, a stranger to the defendant. He was

merely at work in a yard to which, by permission of his employer, the defendant by its servants had access. He was removing ashes from the pit, they running an engine over a part of it to reach the turn-table; and the duties of each were so limited. Neither was responsible to the master of the other for the manner of performance. There was no common master, and, although, having regard to the place of service, they were neighbors, they were not co-servants. Each, therefore, is entitled to protection against the negligence of the other. (*Smith* v. *N. Y. & Harlem R. R. Co.*, 19 N. Y. 127; *Svenson* v. *A. M. Steamship Co.*, 57 id. 108.)

It is next argued by the learned counsel for the appellant that the plaintiff should be deprived of her recovery, because the injured man at first rejected the advice of his physician and refused to submit his leg to amputation. If the refusal was fatal to the patient, the defendant has no cause to complain, for death limits a verdict to a less sum than a jury might think proper to award to a living but crippled man. But the physician, in fact, gave no assurance that an operation would change the apprehended result. " It would," he testifies, " have improved the chances," but he also said that within his own experience there had been cases where against advice, and in the face of such objection, amputation had been omitted and the limb saved. It appears, therefore, that surgery is not an exact science, and even in its present advanced stage there is defective anatomy and misjudgment. It certainly cannot be said, as matter of law, that a patient may not, without imputation of negligence, trust to natural results, without the complications of scientific experiments. But this question was also properly submitted to the jury and answered by their verdict in favor of the plaintiff. No other question is raised.

We think the appeal fails in every aspect, and that the judgment appealed from should be affirmed.

All concur.

Judgment affirmed.