NOTE.

' See Hurlburt *v.* Hurlburt, 128 N. Y. 420.

FRANK JOHNSON, Respondent, *v.* NETHERLANDS AMERICAN STEAM NAVIGATION COMPANY, Appellant.

*Court of Appeals, March 22, 1892.*

1. *Master and servant.*—Where the owner of a vessel is to furnish the steam-power and a man to run the winch, and the stevedore is to be paid a stipulated price per ton for unloading the vessel, but to have no power to order, direct, discharge or control the winch-driver further than to signal to him, by way of the gangwayman, when to hoist or lower, go ahead or come back, the winchman is not the servant of the stevedore.
2. *Same.*—Nor does the fact that the winchman receives orders from the gangwayman when to hoist and when to lower, under the circumstances of this case, operate to change the latter's relations to the owner as his servant.

Appeal from a judgment of the general term, second department, affirming the judgment entered on a verdict.

*Joseph A. Shoudy*, for appellant.

*Charles J. Patterson*, for respondent.

HAIGHT, J.—This action was brought to recover damages for a personal injury. Upon the trial there was some con-

flict in the testimony, but as settled by the verdict the facts are as follows : The plaintiff was a gangwayman in the employ of one Lithman, a stevedore, engaged in unloading the defendant's steamship, P. Calland. Under the agreement the stevedore was to be paid a stipulated price per ton for unloading the vessel, the defendant to furnish the steam power and a man to run the winch. The winchman furnished by the defendant was a sailor. The plaintiff, as gangwayman, gave the signal to the winchman to go ahead or back up as the persons engaged in unloading the vessel might require. The men in the hold of the vessel had loaded nine bags of coffee, and the plaintiff had given the signal to the winchman to go ahead. This was accomplished by the rope winding around the drum of the winch. The hoist had proceeded until the cargo had nearly reached the combing of the vessel, when the rope ran off from the drum of the winch onto the axle. The winchman then stopped and called the attention of the plaintiff to the fact that the rope was foul upon the axle of the winch. The plaintiff then supported the hoist by means of a burton hook, after which he took hold of the rope to lift it from the axle onto the drum, but in order to do this had to have the winch turned back so as to loosen the rope. He, therefore, gave direction to the winchman to " come back," but instead of turning back the winchman went ahead, drawing the hand of the plaintiff against the drum cutting off some of his fingers.

It is claimed that Lithman was an independent contractor having charge of all the men engaged in unloading the vessel, and that the defendant is not liable for the negligent act of servants working under his direction. The question is as to whether the winchman was the servant of Lithman, and consequently the co-servant of the plaintiff. Lithman testified that he was paid by the ton; that the vessel furnished the steam power and a winch-driver. This is the evidence as to the contract with the defendant. It does not appear that he had the power to order, direct, discharge or control the winch-

driver farther than to signal to him by way of the gangway-man when to hoist or lower, go ahead or come back. It consequently does not appear to us that the winchman could be regarded as the servant of Lithman.

It is quite apparent that it was the intention of the defendant to retain charge of the steam power and winch and operate it through its own servants and employees. And the fact that the winchman received orders from the plaintiff when to hoist and when to lower under the circumstances of this case does not operate to change his relations to the defendant as its servant. Sullivan *v.* Tioga Railroad Company, 112 N. Y. 643, 647; 21 St. Rep. 827; Sanford *v.* Standard Oil Co., 118 N. Y. 571; 29 St. Rep. 855; Kilroy *v.* D. & H. C. Co., 121 N. Y. 22; 30 St. Rep. 724; Butler *v.* Townsend, 126 N. Y. 105; 36 St. Rep. 508.

The judgment should be affirmed, with costs.

All concur, except FOLLETT, Ch. J., PARKER and LANDON, J J., dissenting.

### NOTE.

As to when the relation of master and servant exists, see Butler *v.* Townsend, 126 N. Y. 105; Wood *v.* Watertown, 58 Hun, 298; Kilroy *v.* D. & H. C. Co., 121 N. Y. 22; Beatty *v.* Thilemann, 16 Daly, 20; Diringer *v.* Moynihan, 33 N. Y. St. Rep. 693; Slater *v.* Mersereau, 64 N. Y. 138; Devlin *v.* Smith, 89 Id. 470.