CHICAGO TERMINAL TRANSFER RAILROAD COMPANY *v.* VANDENBERG ET AL.

[No. 20,316.    Filed April 7, 1905.]

1. PARTIES. — *Defendants.* — *Several Action.* — *Separate Demurrer.* — Where a negligent injury to plaintiff is charged against each of two defendants, and one demurs separately, the demurrer should be overruled if the complaint alleges a cause of action against such defendant. p. 475.

2. SAME. — *Joint Defendants.* — *Judgment.* — Where a complaint charges defendants with joint or joint and several negligence and the proof establishes the liability of one of them, the plaintiff is entitled to judgment against such one. p. 478.

3. MASTER AND SERVANT. — *Railroads.* — *Whether Servants of One Are Fellow Servants of Another.* — Where two railroad companies had a contract for the use of each other's road in hauling trains, the servants of the one road are not fellow servants of the other. p. 478.

4. RAILROADS. — *Trespassers.* — *Licensees.* — Where two railroad companies had a contract for the use of each other's road in hauling trains, the servant of one of such roads is not a trespasser while on the tracks of the other. p. 479.

5. SAME. — *Lessee.* — *Duty of Owner of Tracks to Servants of Operating Company.* — Where two railroad companies have a contract for the use of each other's road for hauling trains, each company owes the duty of using ordinary care toward the servants of the other company in keeping its tracks in safe condition. p. 480.

6. PLEADING. — *Conclusions.* — It is not necessary to allege that a certain act or certain conduct is imposed by the law upon the defendant. That is a legal conclusion. p. 481.

7. PLEADING.—*Complaint.—Railroads.—Care Due Servant of Lessee Company.*—Where the complaint shows that the plaintiff was a servant of a lessee company; that by contract such lessee had a right to use the road bed of defendant's road in transporting trains; that defendant negligently left open a switch; that the train on which plaintiff was a brakeman ran into such switch, thereby causing plaintiff's injuries; that plaintiff had no knowledge of such open switch or of any danger from such source, such complaint is sufficient.    p. 481.

8. NEW TRIAL.—*Verdict.—Insufficient Evidence.*—In order to overthrow a general verdict on the ground of insfficient evidence the appellant must establish that upon the consideration of all of the evidence most favorable to appellee, together with all reasonable inferences, a question of law and not one merely of fact is presented.    p. 482.

9. EVIDENCE. — *Circumstantial. — Locking a Switch.* — Where a conductor testified that he locked the switch in question, but others passing shortly afterward testified that it was not locked, but partially closed, and there was no evidence that other persons had been around, the jury may conclude that the conductor did not actually lock such switch.    p. 484.

10. SAME.—*Inferences.—Jury.*—Where two inferences may be drawn from the evidence, the inference drawn by the jury is conclusive on the courts.    p. 485.

11. NEW TRIAL.—*Sufficiency of Evidence.*—Where the evidence shows that plaintiff was a brakeman on the J. railroad; that he was going over the road bed of T. railroad when the train ran into an open switch left so by the conductor of T. road; that he was permanently injured; that he was not guilty of any contributory negligence; that plaintiff's train had a right by a contract between the companies to use the T. road, such evidence sustains a verdict for plaintiff.    p. 485.

12. EVIDENCE.—*Withdrawing.—How Done.*—Where the bill of exceptions shows that a certain contract was introduced in evidence, and that at the close of the evidence in the case plaintiff stated to the court that he desired to withdraw such evidence, but nothing was done by the court, and such contract was included in the bill, and appellant in its first brief treated it as part of the record, such contract will be considered as in evidence in such cause.    p. 486.

13. APPEAL AND ERROR.—*Supreme Court Rules.—Brief.*—The appellant's brief must contain the instructions or a concise statement thereof, or no question thereon will be presented.    p. 488.

14. NEGLIGENCE.—*Contributory.—Defense.*—Under the statute the burden of proving plaintiff's contributory negligence in a personal injury case rests upon the defendant.    p. 488.

15. STATUTES.—*Extraterritorial Effect.—Procedure.*—Where an action is brought in this State for a personal injury received without this State, the statute providing that the burden of pleading and proving contributory negligence is on the defendant, applies.    p. 488.

16.  STATUTES.—*Lex Fori.*—*Lex Loci.*—All matters relating to procedure in a case are governed by the *lex fori* and not by the *lex loci.* p. 489.

From Porter Superior Court; *Harry B. Tuthill,* Judge.

Action by George Vandenberg against the Chicago Terminal Transfer Railroad Company and another. From a judgment on a verdict for plaintiff against such transfer company, it appeals. Transferred from Appellate Court under §1337u Burns 1901, Acts 1901, p. 590. *Affirmed.*

*Jesse B. Barton* and *John B. Peterson,* for appellant.

*Whinery & Bomberger,* for appellee Vandenberg.

JORDAN, J.—Action by appellee Vandenberg to recover damages for personal injuries. The suit was originally commenced in the Lake Superior Court against appellant as the sole defendant. Subsequently an amended complaint was filed impleading the Chicago Junction Railroad Company, with appellant, as a codefendant. The latter party has been made a co-appellee in this appeal. On motion the cause was venued to the Porter Superior Court. Appellant separately demurred to the amended complaint, which was overruled, and a proper exception reserved. Its answer to the complaint was the general denial. Trial by jury, and at the close of appellee Vandenberg's evidence appellant unsuccessfully moved the court to direct a verdict in its favor. At the close of all of the evidence this motion was renewed with a like result. A general verdict was returned by the jury, finding in favor of appellee Vandenberg against appellant, and assessing his damages at $5,000. There was a finding by the jury in favor of the Chicago Junction Railroad Company. Along with the general verdict answers were returned to a series of interrogatories. Over appellant's motion for a new trial judgment was rendered against it upon the verdict. The errors assigned are (1) overruling the demurrer to the amended complaint, (2) denying the motion for a new trial.

The amended complaint may be summarized as follows:

On October 5, 1901, appellant and its codefendant the Chicago Junction Railroad Company were each railroad corporations organized under and pursuant to the laws of the state of Illinois. Appellant at the aforesaid date was operating in said state of Illinois a belt or freight railroad, which extended across the state line into the State of Indiana. Its principal business was handling, switching and transferring freight and freight-cars from the tracks of other railroads with which it connected. The Chicago Junction Railroad Company was on the same date operating a belt or freight railroad in said state of Illinois, which also extended across the state line into the State of Indiana, and the principal business of this railroad company was the handling, switching and transferring of freight and freight-cars from the tracks of other roads with which it was connected. Prior to said 5th day of October, appellant and its codefendant the Chicago Junction Railroad Company had entered into a traffic arrangement and contract with each other, by the terms of which the said Chicago Junction Railroad Company was permitted and authorized to use the tracks, sidetracks, switches and spurs of appellant's railroad, and to run its trains thereover. Said traffic arrangement was in full force and effect on October 5, 1901. On the aforesaid date the appellee Harry G. Vandenberg was a brakeman in the employ of the Chicago Junction Railroad Company, and while in the discharge of his duties as such brakeman of said railroad company he was with the train crew, of which he was a member, engaged in hauling a train of freight-cars over the tracks of appellant Chicago Terminal Transfer Railroad Company, and that said train consisted of an engine and forty-four cars. The appellee Vandenberg was riding with the engineer of said train in the cab of the engine which was propelling said train, as was necessary, over the tracks of the Chicago Terminal Transfer Railroad Company from McCook, Illinois, to Blue Island, Illinois. On the aforesaid date the crew of said train, of which plaintiff

was a member, had orders from the proper officers of said
Chicago Junction Railroad Company, and permission under
the terms of said traffic arrangement, to run said train over
the tracks of the Chicago Terminal Transfer Railroad Com-
pany from McCook, Illinois, to Blue Island, Illinois, and
was so engaged at the time of the accident hereinafter men-
tioned. A switch known as "Trumbull switch" was, on
said 5th day of October, situated on appellant's road be-
tween McCook and Blue Island in said state of Illinois.
It was necessary for the engine and train upon which plain-
tiff was riding to pass this switch in going from McCook to
Blue Island. The defendants, and each of them, had care-
lessly and negligently failed to keep said switch, switch-
stand and side-track in safe and proper condition and repair
so that plaintiff might use and pass the same without
injury. Said defendants had negligently and carelessly
permitted said switch to remain partially open and un-
locked, so that the side-track and tracks leading thereto were
not in a proper position with reference to said main track.
Defendants had negligently and carelessly failed and neg-
lected to lock said switch and switch-stand, so as to place and
hold the side-track in proper position with reference to the
main track, so that the train might pass said·switch safely
and without accident, and without injury to the crew
thereof. When said train on which plaintiff was riding
reached said switch it was running at the rate of twenty-five
miles an hour. The position of the target of said switch
indicated that it was closed as the train approached, but as
a matter of fact, by reason of the negligence of the defend-
ants hereinbefore set forth, said switch was not entirely
closed, and was not locked, and neither the plaintiff,
nor the engineer in charge of said train, nor any mem-
ber of said crew, discovered, nor could they by the exer-
cise of due diligence have discovered, that said switch was
not closed, until said engine was within twenty-five feet of
the same, when they then and there discovered that the

switch point appeared to be bent and slightly open. The engineer made immediate and diligent effort to stop the train, but was unable to do so until too late to avoid the accident which followed. The accident was not due to any carelessness or negligence of the plaintiff, or of any other member of said train crew, or any co-employe of plaintiff. The engine in question struck said switch and switch point, and it, together with said train, was, by reason of the carelessness and negligence of the defendants, and each of them, in leaving the switch partially open as hereinbefore alleged, then and there thrown from the track and derailed, and plaintiff was then and thereby caught in the wreck of said engine and cars, and was thereby badly cut, bruised, maimed, wounded and scalded, and by reason of said injuries his left leg had to be amputated. His right leg was badly torn, and he was burned and scalded upon his sides and whole body. His right leg was rendered permanently stiff, and he has suffered, and still suffers, great pain of body and anguish of mind, and is permanently disabled and rendered unable to work, and has expended large sums of money for doctors, nurses and medicine, to wit, the sum of $500. At the time of said accident plaintiff had been in the employ of the Chicago Junction Railroad Company only three days, and had passed over the road only once before, and was unfamiliar therewith. Said accident occurred without any fault, negligence or carelessness of the plaintiff, but occurred through the negligence and carelessness of the defendants and each of them, as hereinbefore set forth, without any carelessness, negligence or fault on the part of any member of the crew to which plaintiff belonged, and without the fault or negligence of any co-employe of plaintiff. Neither plaintiff nor any member of the crew to which he belonged had any notice, knowledge or warning of the fact that said switch had been left open and unlocked, as aforesaid charged.

1. Under the facts alleged in the complaint the proximate

cause of the accident by which plaintiff was injured is at-
tributed to the negligence of each of the defendants in the
action below. The negligence in question apparently is not
charged jointly against the defendants, but against each of
them, hence, under the circumstances, the complaint may be
viewed and treated as though appellant was the sole defend-
ant in the action. Therefore, if it can be said that under
the facts the complaint discloses a cause of action against
appellant, then it has no grounds for complaining of the
action of the court in overruling its separate demurrer.
*Holzman* v. *Hibben* (1885), 100 Ind. 338; *Rector* v. *Shirk*
(1883), 92 Ind. 31.

Where two or more defendants demur to a complaint for
insufficiency of facts, if the pleading is good as to any one
of said defendants, the demurrer should be overruled. As
a general rule, where a defendant separately demurs, as did
appellant, if the complaint is sufficient in facts as to him,
the demurrer is properly overruled. The facts averred show
that plaintiff, when injured, was the servant, not of
appellant, but of the Chicago Junction Railroad Com-
pany. The two railroad companies, it appears, had entered
into a traffic arrangement or agreement with each other,
under the terms of which each company had the right and
permission to run and operate its trains and cars, and to do
switching, over the tracks, side-tracks and switches of the
other company. At the time of the accident in question,
plaintiff, along with other employes of said Chicago
Junction Railroad Company, was engaged in the line of
his duty as a brakeman in running a freight-train for
said company over appellant's railroad tracks, under the
right and permission given to said Chicago Junction Rail-
road Company by the traffic arrangement or agreement
herein mentioned. It is shown that each of the defendants
negligently failed to keep in proper condition and repair a
switch or side-track denominated as Trumbull switch, which
was situated on appellant's railroad in the state of Illinois,

between the points of McCook and Blue Island, but, on the contrary, carelessly and negligently permitted said switch to be and remain partially open and unlocked, so that said tracks and those leading thereto were not in a proper position, etc. By reason of this condition of the switch in question the train of cars upon which plaintiff was working at the time as a brakeman was derailed and thrown from the track, whereby he was severely injured. It is alleged that this accident occurred without any fault or negligence on his part, and without the fault or negligence of any of his co-employes, but occurred through the negligence of each of the defendants. Absence of any knowledge or warning on plaintiff's part, or on the part of any of the employes composing the crew to which he belonged, that the switch in question had been left open and unlocked is shown.

Counsel for appellant argue that under the facts the negligence charged in the complaint is the joint negligence of both companies; that in the absence of any showing in the complaint to the contrary that when plaintiff entered the employment of the Chicago Junction Railroad Company he was ignorant of the joint use by both companies of the railroad tracks at the place where the accident occurred, then it will be presumed that he knew of such use when he entered the employ of the Chicago Junction Railroad Company, and therefore assumed all of the risks and dangers which were naturally and ordinarily incident thereto. This, they say, included the risk and danger of his co-employes, who neglected to perform their duties, and that under the averments of the complaint the employes of appellant must be considered as the co-employes of appellee. It is asserted that, while the complaint does not charge what particular person in the service of appellant left the switch open, it must be presumed that it was some person engaged in assisting in the operation of the railroad, whose services were directed to the accomplishment of the same general end as plaintiff's, and hence it is argued that the injury of which he complains was

due to the negligence of a fellow servant, and, as it must be presumed that the common law is in force in the state of Illinois, therefore no liability is shown against appellant under the facts alleged in the complaint. Counsel claim that from the facts an indisputable inference arises to the effect that plaintiff's injury resulted from the neglect of some one of his co-employes properly to close and lock the switch.

2.    It is finally insisted that the complaint charges no actionable negligence against appellant. Counsel for the latter mistake the theory of the complaint. The pleading does not charge that the negligence in question was due to an act committed jointly by the defendants, but the theory outlined by the facts is that the accident was the result of the negligence of each of the defendants. The question, however, with which we have to deal is the sufficiency of the complaint. It is immaterial whether the pleading alleges a joint, or a joint and several, liability, for under the provisions of our civil code the right of recovery in actions founded either on tort or contract is to be regulated in this respect by the proof on the trial, and not by the allegations of the complaint. Every complaint in this respect, where there are two or more defendants, is to be treated or considered as both joint and several. If two or more persons are sued, and under the proof a liability is established only as to one, the plaintiff will be entitled to a judgment as to such defendant. *Lower* v. *Franks* (1888), 115 Ind. 334; *Louisville, etc., R. Co.* v. *Treadway* (1895), 143 Ind. 689, and cases there cited; *Hassler* v. *Hefele* (1898), 151 Ind. 391.

3.    Counsels' contention that the complaint in this case discloses that the railroad companies in question jointly operated the two railroads, so as to make appellant's employes fellow servants of plaintiff, is wholly unfounded. Under the facts charged, the servants of the Chicago Junction Railroad Company can not be treated or considered as

co-employes of appellant's servants.    Neither can those of appellant be said to be the fellow servants or co-employes of the Chicago Junction Railroad Company.    They were serving two different masters.    The contention of appellant's counsel that there was a joint operation or running of the train in question by the two companies is not supported by the facts.    So far as they disclose, the train upon which plaintiff was at work at the time of the accident was run independently of appellant over the latter's road by the Chicago Junction Railroad Company, under the right acquired by it through the traffic agreement in question. The complaint does not disclose what the precise terms of this agreement are, hence we are unable to say whether there is anything in the contract in question which would justify the contention that the two companies were engaged in jointly operating the train upon which plaintiff was at work at the time he received his injury.    In no manner is appellant shown to have been the master of plaintiff at the time of the accident.    He was not performing any work for appellant at the time.    Under his employment he was confined alone to serving the Chicago Junction Railroad Company.    The proposition, therefore, as asserted by counsel for appellant, that if the switch in question was left open and unlocked such negligence must be attributed to some one in the employ of appellant, and that such employe would be a fellow servant of plaintiff and thereby a recovery in this action is precluded, is untenable and without support.

4.    If, as the facts show, plaintiff was in the employ of the Chicago Junction Railroad Company, then certainly under his employment he can not be said to have assumed the risk of the negligence of appellant's servants.    He and the other employes of the Chicago Junction Railroad Company who were engaged at the time of the accident in running the freight-train over appellant's road in respect to such service may be considered as strangers to appellant

company. They, however, were not trespassers on its premises or road, but were at work thereon for the Chicago Junction Railroad Company, their master, by direction of the latter, and under the express right or permission granted to it by appellant, and under the circumstances they were entitled to be protected by appellant as the law exacted. *Pittsburgh, etc., R. Co.* v. *Seivers* (1904), 162 Ind. 234, 243; *Sullivan* v. *Tioga R. Co.* (1889), 112 N. Y. 643, 20 N. E. 569, 8 Am. St. 793; *Smith* v. *New York, etc., R. Co.* (1859), 19 N. Y. 127, 75 Am. Dec. 305; *Illinois Cent. R. Co.* v. *Frelka* (1884), 110 Ill. 498; *Pennsylvania Co.* v. *Gallagher* (1884), 40 Ohio St. 637, 15 Am. & Eng. R. R. Cas. 341; *Gross* v. *Pennsylvania, etc., R. Co.* (1891), 16 N. Y. Supp. 616; *Texas, etc., R. Co.* v. *Easton* (1893), 2 Tex. Civ. App. 378, 21 S. W. 575; Patterson, Railway Accident Law, 222.

5. We have in the complaint a statement of facts going to show that plaintiff was lawfully on the premises or railroad of appellant at the time he was injured. He was there, not as appellant's servant, nor merely at its sufferance, but in a legal sense upon the invitation given through the contract entered into between the two railroad companies. Under these circumstances appellant owed him a legal duty to exercise reasonable care to keep all parts of its road used by his employer, under the contract in question, in a reasonably safe condition, so as to provide for the protection of the servants of said Chicago Junction Railroad Company while they were at work in operating the train of the latter over appellant's road. See *Wabash, etc., R. Co.* v. *Locke* (1887), 112 Ind. 404, 2 Am. St. 193; *Indiana, etc., R. Co.* v. *Barnhart* (1888), 115 Ind. 399; *St. Louis, etc., R. Co.* v. *Ridge* (1898), 20 Ind. App. 547; *Sawyer* v. *Rutland, etc., R. Co.* (1855), 27 Vt. 370; *Phillips* v. *Chicago, etc., R. Co.* (1885), 64 Wis. 475, 25 N. W. 544; *Turner* v. *Boston, etc., R. Co.* (1893), 158 Mass. 261, 33 N. E. 520; 3 Elliott, Railroads, §§1248, 1249.

6.   Appellant further criticises the complaint because it does not specifically charge that it was the duty of appellant to keep the switch in controversy closed and locked.   It was not necessary to allege that a certain act or conduct was, under the law, imposed on appellant, for, as a rule, its legal duty in the matter will be implied from the facts stated in the pleading.   *Pittsburgh, etc., R. Co.* v. *Lightheiser* (1904), 163 Ind. 247, and cases cited.   It is elementary that a legal conclusion is not required to be alleged. *Cribben* v. *Callaghan* (1895), 156 Ill. 549, 41 N. E. 178; *West Chicago St. R. Co.* v. *Coit* (1893), 50 Ill. App. 640.

7.   By the facts averred, both the legal duty which appellant under the circumstances owed to plaintiff, and a violation thereof, are sufficiently shown.   Absence of any knowledge or notice on his part of the danger or peril to which the negligence of appellant is shown to have exposed him is expressly averred.   No facts are disclosed going to establish that he was in any manner guilty of contributory negligence.   In fact, the absence of such negligence is expressly averred in the complaint.   Under the general allegations thereof appellant's negligence in the premises is fully established, together with the fact that it was the proximate cause of the injury of which plaintiff complains. We conclude that the complaint sufficiently states a cause of action against appellant, and therefore its separate demurrer was properly overruled.

Appellant's counsel, in discussing the alleged error of the trial court in denying the motion for a new trial, advance, among others, the following reasons why the judgment should be reversed:   (1) They say "the evidence wholly fails to show any negligence on the part of appellant." They further assert that "while, under the authorities cited, it would seem that the amended complaint states a cause of action, still the evidence falls far short of sustaining the averments of the complaint;" (2) that plaintiff is, under

the evidence, shown to be guilty of contributory negligence; (3) that the court erred in giving and refusing to give certain instructions to the jury; (4) that the engineer in the service of the Chicago Junction Railroad Company who was operating the engine at the time of the accident was guilty of negligence; (5) that the evidence shows that plaintiff was on appellant's tracks as a mere licensee at the time he was injured, and therefore it owed him no duty except to refrain from purposely injuring him.

8.   By the general verdict the jury, impliedly at least, find all of the material issuable facts in the case in favor of plaintiff, and the presumption in this appeal, until the contrary is shown, is that such finding was a correct result. In order to overthrow the judgment on the ground of insufficiency of evidence, the burden is upon appellant to establish that upon the consideration of all of the evidence most favorable to plaintiff, with all of the legitimate and reasonable inferences that the jury might deduce therefrom, it is of such a character as to present a question of law, and not one merely of fact.   This rule of appellate procedure is settled by repeated decisions of this court.   See *Lee* v. *State* (1901), 156 Ind. 541, and cases cited; *Mead* v. *Burk* (1901), 156 Ind. 577; *Davis* v. *Mercer Lumber Co.* (1905), *ante,* 413.   A review of the evidence in the record fully discloses that it is sufficient to establish at least all of the material facts constituting the cause of action as set forth in the complaint.   Under such circumstances plaintiff was entitled to recover, in the absence of evidence to prove that he was guilty of contributory negligence.

The jury, in answering interrogatories propounded to them, expressly find that one McAboy, who was in the employ of appellant at the time of the accident, was the person who left the switch in controversy partially open. McAboy, it appears from the evidence, was a conductor at and prior to the time plaintiff was injured upon one of

appellant's freight-trains. The jury find that there was no evidence to show that the injuries which plaintiff received were the result of the negligence of any person in the service of the Chicago Junction Railroad Company, and that there was no evidence to disclose that the employes of the latter company were in any respect negligent.

The following may be said to be a summary of the evidence bearing on the question of appellant's negligence in leaving the switch in controversy unlocked and partially open. The accident by which plaintiff was injured on appellant's road occurred on October 5, 1901, at about 1:30 o'clock p. m. On the same day at 12:30 o'clock p. m. one of appellant's freight-trains in charge of its conductor John McAboy arrived at the switch in controversy. The switch was unlocked and opened for the purpose of switching cars, and several cars were switched and placed thereon. McAboy, the conductor, testified on the trial that he unlocked and opened the switch, but in this statement he was contradicted by his brakeman, who testified that he opened it. He further testified that after they were through using the switch he closed it and ran his train towards Blue Island. Between 12:30 and 1 o'clock p. m. on said day, some boys—Eugene and William Trudell—it appears, were walking along the railroad, going east. When they arrived at the switch they observed that the lock thereof was hanging down at the end of the chain, and was not in the eye where it properly belonged. These boys passed the switch without touching it. Between the period of time which elapsed after the departure from the switch of the train in charge of McAboy and the arrival at the switch of the train upon which plaintiff was at work, several men were engaged at work near the switch, in hauling and unloading gravel from cars on the side-tracks. During said period four of these men were within one hundred feet of the switch-stand and they saw no one in the vicinity thereof except said Trudell boys. As the train upon which plaintiff was riding

approached the switch, the edge of the switch target was turned towards the train. When the train in question was near enough to observe the switch point in question, plaintiff, it appears, discovered that the switch was slightly open, or "cocked." After the accident, while he was lying under the wreck, he observed the switch lock hanging down by the chain in the same position in which the Trudell boys saw it prior to the wreck. When appellant's section foreman arrived at the scene of the accident, he found the switch point turned to the side, the switch unlocked, and the lock. hanging by the chain. No other engine or train had passed over the tracks at the point where the switch is located after the departure of appellant's train and before the occurrence of the accident, and no one touched the lock after the wreck until the section foreman opened it and locked it with his key. About fifteen minutes after the accident occurred, George Trudell, a person living in the vicinity, arrived at the scene of the wreck, and he saw the switch lock hanging down on the chain. One of the railroad men who was present at the time examined the lock, locked and unlocked it with a key, and found it, as he stated in good working order.

9. It is insisted by counsel for plaintiff that, notwithstanding the testimony of conductor McAboy, who testified, as a witness in behalf of appellant, that he closed the switch after using the same, the reasonable and irresistible inference is that he locked the switch lock without putting it through the switch lever, and that the facts in the case show that he was mistaken in testifying that he closed and locked the switch. While the burden was on plaintiff to prove that appellant was negligent, as charged in the complaint, and that its negligence was the proximate cause of the injury which he sustained, nevertheless he was not bound to establish these issues by direct evidence, but might prove them by circumstantial evidence. If, from all the facts and circumstances in the case, the jury might have reasonably inferred that the negligence charged against

appellant was sustained, the judgment, so far as the question of appellant's negligence is concerned, must be upheld. *Cincinnati, etc., R. Co.* v. *McMullen* (1889), 117 Ind. 439, 10 Am. St. 67.

10.   In cases like the one at bar, where, under the facts and circumstances, there is room for two inferences to arise in regard to the ultimate fact of the defendant's negligence, the jury having drawn one on that issue in favor of the plaintiff, such inference will be accepted by this court as conclusive. *Illinois Cent. R. Co.* v. *Cheek* (1899), 152 Ind. 663, and cases there cited. *Stoy* v. *Louisville, etc., R. Co.* (1903), 160 Ind. 144. The case at bar, under the facts and circumstances, clearly falls within this rule.

11.   The evidence discloses that at the time plaintiff was injured he was in the employ of the Chicago Junction Railroad Company, and in no manner was he serving appellant. The train of his said employer on which he was at work at the time of the accident, as a brakeman, was en route from Franklin Park, in the state of Illinois to Hammond, in the State of Indiana. The switch in question was known as Trumbull switch, and was situated on appellant's railroad between Blue Island and McCook, in the state of Illinois. The train in question consisted of an engine and some thirty freight-cars, and was running at the rate of about twenty miles per hour, and when the open switch was discovered the train was within one hundred feet of the intersection of the switch with the main track of the railroad. All reasonable efforts were made by the engineer to stop the train, but, by reason of the short distance thereof to the switch, he was unable to prevent the accident. The train ran into the open switch, and was thereby derailed or thrown from the track, and several of the cars were piled up, and plaintiff was thrown under a portion of the wreck. His left leg and foot were crushed so that amputation below the knee was necessary. His right leg was bruised, and he was badly scalded, and he is shown to be permanently in-

jured. There is no evidence to show that he was guilty of contributory negligence, or that the engineer in charge of the engine, or any other employe of the Chicago Junction Railroad Company, was guilty of negligence in the premises. The accident in question is shown to be wholly due to the switch which had been left partially open and unlocked.

12. The traffic contract, which appears to have been introduced in evidence over the objections of appellant, shows that the Chicago Junction Railroad Company, for a stipulated rent, was to have the right of a common use with appellant of the latter's railroad tracks and switches between Blue Island and McCook, in the state of Illinois. Appellant's counsel claim that this contract, under its terms, only conferred a license on the Chicago Junction Railroad Company to use said tracks. An examination of the document, however, discloses that thereunder the Chicago Junction Railroad Company was in the use of appellant's tracks as its lessee. Be this as it may, however, it clearly appears that by the provisions of this contract said company and its servants at the time of the accident were in all respects lawfully on appellant's railroad, and what we have said in considering the demurrer to the complaint in regard to the duty which appellant, under the circumstances, owed to plaintiff, need not be repeated.

Counsel for appellant in their original brief treat and consider this traffic agreement or contract as being properly a part of the evidence in this appeal, but in their reply brief they apparently change their opinion, and therein insist that it was withdrawn from the consideration of the jury as evidence by plaintiff's counsel, and therefore can not be considered. It is true that in the original bill of exceptions containing the evidence, at the close of that given in chief by plaintiff, his counsel made the following statement to the court: "I desire now to withdraw all evidence, in order to save any possible question of technicality—the copy of the contract between the two defendant companies and the orig-

inal contract which was introduced in evidence this morning as against the terminal company. I withdraw this evidence." The court: "Any objection on the other side?" Mr. Agnew, who represented, not the appellant, but the Chicago Junction Railroad Company responded: "No. It is not in evidence against us." As to whether appellant, through its counsel, objected or consented to the proposed withdrawal is not disclosed. Neither does it appear that the court granted plaintiff any leave to withdraw the evidence, or that it in any manner directed or advised the jury that it was withdrawn, and was not to be considered by them in arriving at a verdict. In fact, it may be said that there is nothing to show that the court in any manner gave its sanction to the withdrawal of the evidence in question. In settling the original bill of exceptions containing the evidence, it appears that the contract which is claimed by appellant to have been withdrawn was incorporated therein as a part of the evidence given in the cause. This, we must presume, was done, nothing to the contrary appearing, for the purpose of having the contract in question considered on appeal as a part of the evidence in the case. The usual and orderly method in a trial court of withdrawing evidence by a party who has introduced it, is for him to obtain leave from the court to do so, and, upon leave being granted, the court usually, by some instruction or direction to the jurors, informs them that the evidence is withdrawn from their consideration. See 22 Ency. Pl. and Pr., 1309 *et seq.* If the evidence in question was withdrawn without any objection by the adverse parties, for what reason was it necessary to make it a part of the original bill of exceptions, unless for the purpose of having it considered as evidence in this appeal? As the judge ordered it to be made a part of the record by embracing it in the bill of exceptions, we may at least presume from his action that he regarded it as evidence in the case which had been considered by the jury in arriving at their verdict. Under the circumstances we are

constrained to hold that the evidence in controversy is in the record and properly before us for consideration.

13. Appellant complains in respect to certain instructions given and refused. It has, however, neglected to set forth any of these in its brief, either in substance or as a whole, as required by rule twenty-two of this court, and for that reason alone we need not review or consider them. *Cleveland, etc., R. Co. v. Stewart* (1903), 161 Ind. 242, 248.

Notwithstanding appellant's neglect to comply with the rule in question, we have examined the court's charge, and when considered as a whole, as it must be, it fully and properly advised the jury relative to the law applicable to the case. In fact it may be said to be as favorable to appellant as it could ask. It is apparent that some of the instructions requested by appellant were refused for the reason that they were not proper statements of the law, while others apparently were refused for the reason that they were covered by those given by the court on its own motion.

14. It appears that the court in its charge informed the jury that the burden of proving contributory negligence against plaintiff rested on appellant. This, under the provisions of §359a Burns 1901, Acts 1899, p. 58, was correct.

15. Appellant's counsel, however, contend that this statute can have no application to cases for personal injury where the cause of action, as in the case at bar, arose in another state. The statute in question pertains merely to the remedy, and controls in all actions like this when prosecuted in the courts of this State, regardless of the fact that the right of action may have arisen in another jurisdiction. Plaintiff could enforce his right of action against appellant although it originated under the laws of the state of Illinois in any of the courts of Indiana which had jurisdiction of the subject-matter and acquired jurisdiction over appellant, but nevertheless both he and appellant would be bound and required to comply with the course

of procedure prescribed by the laws of this State. *Burns* v. *Grand Rapids, etc., R. Co.* (1888), 113 Ind. 169, and authorities there cited; *Smith* v. *Wabash R. Co.* (1895), 141 Ind. 92.

16. Matters relating to the procedure in a case enforcing a right of action, such as admissibility or nonadmissibility of evidence, or as upon whom the burden of proof shall rest in establishing certain issues, etc., are to be governed by the *lex fori* and not by the *lex loci*. See the authorities herein cited.

Other questions are discussed by appellant's counsel and we have given the same consideration, but do not find it necessary to refer to them in detail.

Upon a full examination of the case, we discover no reversible error, and the judgment is therefore affirmed.

Gillett, J., did not participate.